## THE WEST CHICAGO ALCOHOL WORKS

### *v.*

### CHARLES SHEER.

*Filed at Ottawa November 20, 1882.*

1. INTEREST—*unreasonable and vexatious delay of payment.* Mere delay to make payment of money due on an account, or appearing and defending suit for its recovery, will not authorize a recovery of interest under the clause of the statute giving interest "on money withheld by an unreasonable and vexatious delay of payment."

2. The delay of payment must be both unreasonable and vexatious, and to make it such the debtor must, in some way, have thrown obstacles in the way of collection of the demand, or by some management have induced the creditor to prolong taking proceedings to collect the debt longer than he would otherwise have done.

3. SAME—*statute—where the sum is certain.* The statute does not allow interest on money, after it becomes due by the terms of a contract, unless such contract is in writing, or unless the money is due on the settlement of accounts between the parties. The case of *Maltman* v. *Williamson*, 69 Ill. 423, so far as it holds that money becoming due upon a verbal contract will carry interest when it is a certain and definite sum, is not to be followed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. T. A. MORAN, Judge, presiding.

Mr. S. K. Dow, for the plaintiff in error:

At common law, interest was not recoverable in any case. In this State its recovery depends entirely upon the statute. *Illinois Central R. R. Co.* v. *Cobb et al.* 72 Ill. 148; *City of Pekin* v. *Reynolds*, 31 id. 530; *Madison County* v. *Bartlett*, 1 Scam. 67; *City of Chicago* v. *Allcock*, 86 Ill. 384.

There is a class of cases arising out of damage to, or conversion of, personal property, by fraud or otherwise, in which the allowance of six per cent interest on the sum found has been sanctioned. *Bradley* v. *Geiselman*, 22 Ill. 494; *Chicago and Northwestern Ry. Co.* v. *Ames*, 40 id. 249; *Northern Transportation Co.* v. *Yellick*, 52 id. 249; *Chicago and Northwestern Ry. Co.* v. *Schultz*, 55 id. 421.

To justify the allowance of interest upon an unliquidated account, there must be an unreasonable and vexatious delay of payment. Rev. Stat. chap. 74, sec. 2.

Appearing and defending suit alone is not an unreasonable and vexatious delay of payment. *Aldrich et al.* v. *Dunham et al.* 16 Ill. 403; *Sammis* v. *Clark et al.* 13 id. 544; *Kennedy* v. *Gibbs*, 15 id. 406; *Hitt* v. *Allen*, 13 id. 597.

The provision in the statute making certain indebtedness interest bearing, excludes all other debts not mentioned. *Aldrich et al.* v. *Dunham et al.* 16 Ill. 403; *Sammis* v. *Clark et al.* 13 id. 546.

Mr. FRANCIS LACKNER, and Mr. SIDNEY C. EASTMAN, for the defendant in error:

Interest was properly allowed on the rent due, as the amount was fixed and certain. The liquidation is not required to be made after the termination of a contract. If there is no dispute as to the amount, there can be no basis

for a liquidation,—it is liquidated the moment it is made. *Clark, Jr.* v. *Dutton,* 69 Ill. 521; *Maltman* v. *Williamson,* 69 id. 423; *Bishop Hill Colony* v. *Edgerton,* 26 id. 54; *Ditch* v. *Vollhardt,* 82 id. 134.

When it is the duty of one party to pay the other a fixed or definite sum of money, by contract either express or implied, without any previous demand, and a definite time is fixed for payment, interest is recoverable from the time so fixed for payment. *Forte* v. *Blanchard,* 6 Allen, 221; *Dodge* v. *Perkins,* 9 Pick. 368; *Graham* v. *Chrystal,* 1 Abb. 121; *Van Renssalaer* v. *Jones,* 2 N. Y. 643; *Williams* v. *Sherman,* 7 Wend. 109; *Hollingsworth* v. *Hammond,* 30 Ala. 668.

Mr. Justice Sheldon delivered the opinion of the Court:

This was a suit for rent claimed to be due under an alleged verbal lease of premises, from October 7, 1876, to May 1, 1877, at the monthly rent, payable at the expiration of each month, of $208.34 to January, 1877, and of $275 thence to May 1, 1877, making, according to the bill of particulars filed with the declaration, the whole amount due May 1, 1877, $1690.18. Upon trial in the circuit court the jury returned a verdict in favor of the plaintiff, for $1997.18, upon which judgment was entered, which was affirmed by the Appellate Court for the First District, and the present writ of error then taken.

On the trial in the circuit court, at the close of plaintiff's testimony, the plaintiff, against the objection of defendant, introduced as a witness one Eastman, who testified that he had computed the interest on $1690.18, from May 2, 1877, to that time, at six per cent per annum; that he had computed it for three years—not for the fraction of a month; that the principal and interest were $1994.38, and the interest $304.20. The defendant then moved to exclude this evidence, and the motion was overruled, and exception taken. The

sole question presented is as to the admission of this evidence—whether interest was allowable.

Interest in this State, upon claims *ex contractu*, is wholly regulated by statute, which provides, that "creditors shall be allowed to receive at the rate of six per cent per annum for all moneys after they become due, on any bond, bill, promissory note, or other instrument in writing; on money lent or advanced for the use of another; on money due on the settlement of accounts, from the day of liquidating accounts between the parties and ascertaining the balance; on money received to the use of another, and retained without the owner's knowledge; and on money withheld by an unreasonable and vexatious delay of payment." In *Sammis* v. *Clark,* 13 Ill. 546, it was laid down that interest can only be recovered in this State in actions purely *ex contractu*, and where there is nothing tortious in the character of the indebtedness, in the cases specified in the statute, or where there has been a promise to pay it.

The only clauses of the statute under which there can be any pretense that this case may be brought, are the two, as to money due on the settlement of accounts, etc., and money withheld by an unreasonable and vexatious delay of payment. The evidence shows nothing of the latter. It shows in that respect no more than mere delay to make payment, and defending this suit. But it has distinctly been held that mere delay to make payment, or appearing and defending a suit, will not authorize a recovery of interest under this clause of the statute. (*Sammis* v. *Clark, supra; Aldrich* v. *Dunham,* 16 Ill. 403.) The delay of payment must be both unreasonable and vexatious, and to make it such the debtor must, in some way, have thrown obstacles in the way of collection of the demand, or by some management have induced the creditor to prolong taking proceedings to collect the debt longer than he would otherwise have done. (*Hitt* v. *Allen,* 13 Ill. 592.) Nor has there been here any settlement and liquida-

tion of accounts and ascertainment of the balance, to bring the case within the clause of the statute in that regard, but on the contrary, the defendant denies the lease, and has never admitted there to be anything due thereunder.

It is insisted that as it was a sum certain which, by the terms of the contract, would become due under it, it was a liquidated sum, and so would carry interest under this clause of the statute. This would be to give interest in case of every verbal contract, where the money due under it is a definite sum. But such is not the reading of the statute. It gives interest on all moneys after they become due on any instrument in writing, and, inferentially, not on moneys which become due on any verbal contract, and this, we conceive, without regard to whether the money to become due is a sum certain or uncertain. It was said in *Hitt* v. *Allen, supra,* that "the statute does not allow interest on money, after it becomes due by the terms of a contract, unless such contract is in writing, or unless the money is due on the settlement of accounts between the parties,"—it being understood, of course, that the money was not withheld by an unreasonable and vexatious delay of payment.

As sustaining the position of defendant in error, reference is made to the cases of *Clark* v. *Dutton,* 69 Ill. 521, *Maltman* v. *Williamson,* id. 423, and *Ditch* v. *Vollhardt,* 82 id. 134. We find in those cases no support of defendant in error, except in that of *Maltman* v. *Williamson,* which does appear to favor the view of defendant in error; but so far as that case is looked upon as authority for the position that money becoming due under a verbal contract will carry interest where it is a certain and definite sum, it is not to be followed. That would not be in accordance with former decisions of the court, from which there was no intention in that case to depart.

We are of opinion that interest was not allowable in the present case, and therefore that the admission of the evidence in regard to interest was erroneous.

As defendant in error offers to remit the interest on its being held that he is not entitled thereto, the judgment of the Appellate Court will be reversed, and the cause remanded with instructions to reverse the judgment of the circuit court, with direction to that court, upon a *remittitur* being made by defendant in error of the interest, ($304.20,) to enter judgment for the residue of the verdict.

*Judgment reversed.*