## ISAAC LOOSE
### v.
## WILLIAM C. WOOD ET AL.

INTEREST.—As nothing was due upon appellant's promise until he was in default, it was error to charge him with interest from its date.

APPEAL from the Circuit Court of Sangamon county; the Hon. C. S. ZANE, Judge, presiding. Opinion filed August 20, 1885.

Messrs. McGUIRE, HAMILTON & SALZENSTEIN, for appellant.

Messrs. BRADLEY & BRADLEY and Mr. JOSEPH M. GROUT, for appellees.

PLEASANTS, J. Appellees, who were plaintiffs below, recovered judgment on a verdict which the court refused to set aside, for $377.15 damages and costs.

Appellant's daughter was owing them for rent of a store and him for money lent. He was secured in part by mortgage upon a portion of the goods on the demised premises. They claimed that upon their threatening to distrain he promised that if they would allow him, with her consent, to remove the goods and dispose· of them at private sale, he would pay the rent due, which was stated to be $541.75, after paying two or three hundred dollars of commercial indebtedness out of the proceeds. He did remove and afterward sell them on time, taking the purchasers' notes for $1,800, which had been paid in full except $400; but he denied the promise.

The only error we find in the record is the instruction to the jury, that " if they believe from the evidence that the defendant, to protect his own interest, promised to pay Mrs. Ide's rent as claimed, then he is liable for the same; and the jury will find for the plaintiffs in such sum as they find was

Loose v. Wood.

then due, with interest from that time at the rate of six per cent. per annum, if they further believe defendant received money sufficient from the sale of the goods."

Appellant's liability, if any, arose, not upon the lease, nor upon a settlement of accounts, for there were no accounts between him and appellees, but upon his express promise. That was verbal only, and to pay a definite sum then ascertained or to be ascertained, being the amount then due from Mrs. Ide for rent, without any mention of interest thereon. We hardly think this such an indebtedness of appellant as is contemplated by the provision of the statute which allows interest on the balance found due upon a settlement of accounts between the parties. West Chicago Alcohol Works v. Sheer, 104 Ill. 586. And, further, the promise did not bind him to pay anything until he received the proceeds of the sale of the goods over and above the amount of commercial indebtedness mentioned to be first paid; but it does not appear from the evidence when or about when the sale was made by him, nor when the notes taken, or any of them were payable or paid, nor for what sums respectively they were made. Nothing being due upon appellant's promise until he was in default, it was clearly error to charge him with interest from its date.

It seems that some items of credit were allowed, so that we can not determine how much of the balance found by the verdict was for rent and how much, if any, for interest; but it is fair to presume that under such an instruction some interest was allowed, and from the date of the promise.

For the error in giving this instruction, the judgment will be reversed and the cause remanded.

Reversed and remanded.