## The Railway Passenger and Freight Conductors' Mutual Aid and Benefit Association

*v.*

## Lucy J. Tucker.

*Filed at Ottawa May 15, 1895—Rehearing denied October 16, 1895.*

1. FORFEITURES—*intention to declare must clearly appear.* Unless a clear intention to declare a forfeiture is shown, such forfeiture will not be enforced.

2. INSURANCE—*mutual benefit society may waive forfeiture.* A mutual benefit society may, by its conduct and course of dealing, waive a forfeiture of membership incurred under its by-laws for non-payment of dues.

3. SAME—*what is a waiver of forfeiture by mutual benefit society.* Conduct by such a society, after right of forfeiture of policy accrues for non-payment of an assessment, recognizing the continued membership, such as receiving the old or making a new assessment, with full knowledge, relieves the member from the consequences of his default.

4. SAME—*denial of beneficiary's claim by board is not final.* The decision of the board of directors of a mutual benefit association against the claim of a beneficiary is not final, although the constitution and by-laws of the association so provide.

5. TRIAL—*whether forfeiture is waived is for the jury.* Whether a mutual benefit association waived default in the payment of assessments is for the jury, upon evidence that other assessments were made after such default, and that the association had before excused like defaults of such member.

6. INTEREST—*not recoverable under mutual benefit certificate.* Interest is not allowable upon the contract of a mutual benefit association partly written and partly unwritten, where there has not been unreasonable delay, such contract being in law an "unwritten contract."

*Railway Conductors' Benefit Ass.*v. *Swartz,* 54 Ill. App. 445, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. EDWARD F. DUNNE, Judge, presiding.

This is an action of assumpsit brought by appellee in July, 1890, against the appellant, a mutual insurance association conducted upon the assessment plan. The suit is

brought by the appellee, as the widow of Sherman S. Swarts, deceased, a conductor in his lifetime on the Chicago and Indiana Coal Railroad Company, who met with an accident on August 14, 1889, and died on the next day at Goodland, Indiana. Since his death appellee has married E. H. Tucker. The case was tried before the court and a jury; verdict was returned in favor of the plaintiff for $3000.00; motion for new trial was overruled and judgment rendered on the verdict. The judgment has been affirmed by the Appellate Court, and is brought here by appeal from the latter court.

The declaration sets forth the following certificate of membership:

"No. 3945.                    Charter granted December, 1874.
"*Railway Passenger and Freight Conductors' Mutual Aid and Benefit Association for the United States and Canada.— Organized under the laws of the State of Illinois.*

"CHICAGO, *October 24, 1887.*

"This is to certify that S. S. Swarts, residence Swanington, Indiana, is a member of the Railway Passenger and Freight Conductors' Mutual Aid and Benefit Association. Given under our hands and the seal of the association affixed.

JNO. R. SANDY, *President.*
C. HUNTINGTON, *Sec. and Treas.*"

The declaration also sets forth in full the constitution and by-laws of the association. The preamble and articles 7 and 8 of the constitution, and articles 4, 5 and 10 of the by-laws may be found in *Conductors' Benefit Ass.* v. *Loomis,* 142 Ill. 560   Articles 5 and 6 of the constitution and section 2 of article 11 of the by-laws may be found in *Railway Conductors' Benefit Ass.* v. *Robinson,* 147 Ill. 138.

Article 4 of the constitution is as follows: "The secretary and treasurer shall receive all monies paid to the association, keep a record of the same, and pay the same out on his order, endorsed by the president and approved by a majority of the board of directors. He shall keep a full and complete record of the proceedings and all busi-

ness of the association, and be required to make a statement of its progress, and the names of all the members, annually or oftener, when called for by the board of directors. He shall, after each annual meeting, issue, in proper and printed form, a statement of all transactions of the association during the preceding year. He shall report the number of actual members, the number having withdrawn or become delinquent, if any, and the number of deaths during the preceding year, and shall distribute a copy of the same to each and every member. He shall, with the advice and consent of the president and board of directors, deposit the reserve fund in some reliable savings institution or bank, at such rate of interest as may be agreed upon, for the benefit of the association. He shall, before entering upon the discharge of the duties of his office, execute a bond, with a good and sufficient surety, to be approved by the board of directors, or a majority thereof, for the faithful discharge of the same. He shall receive as a salary such amount as may be fixed or agreed upon by the board of directors."

Article 6 of the by-laws is as follows: "Any and all members of this association neglecting or refusing to pay any assessment for the period of thirty days from the date of such assessment shall cease to be a member, and the secretary shall strike his name from the roll of membership, and he shall only be re-admitted to membership upon the payment of all unpaid assessments and an additional fee of two dollars. Any member in good standing wishing to withdraw from the association may do so by surrendering to the secretary his certificate of membership and the payment of all dues and assessments to date of such withdrawal, and any member so withdrawing may again become a member by making application under the laws and in the manner governing the admission of new members."

The officers of the association consist of a president, one or more vice-presidents, a board of directors, and a

secretary who is also treasurer.   The latter official is called the grand secretary, and is the chief executive officer, managing the general affairs and routine business of the association.   The membership, which is limited to 1500, is divided into sections or divisions named after the respective railroads, on which the members are employed. Each division has its local secretary.   It seems to have been the practice to levy the assessments upon the first day of each month.

In his application to become a member, which is dated October 19, 1887, Swarts agrees to comply with the constitution, by-laws, rules and regulations of the association.   He died intestate.   On September 19, 1889, the local secretary, Hildreth, forwarded from Brazil, Indiana, proof of the death of Swarts to the grand secretary, C. Huntington, at Chicago.   On October 27, 1889, at a regular meeting of the board of directors, the claim on account of the death of Swarts was presented and rejected on account of his alleged delinquency at the time of his death, and his alleged forfeiture of his membership by non-payment of assessments.

PECK, MILLER & STARR, for appellant:

The officers of a mutual benefit society cannot waive the provisions of its constitution and by-laws.   The member or beneficiary of the society seeking to take advantage of a waiver of the constitution by such officers would be seeking to take advantage of his own wrong. *Hale* v. *Insurance Co.* 6 Gray, 169; *Brewer* v. *Insurance Co.* 14 id. 203; *Smith* v. *Insurance Co.* 1 Allen, 301; *Priest* v. *Insurance Co.* 3 id. 604; *Mulvey* v. *Insurance Co.* 4 id. 116; *Insurance Co.* v. *Miller Lodge*, 58 Md. 463; *Insurance Co.* v. *Ruse*, 8 Ga. 514; *Baker* v. *Insurance Co.* 43 N. Y. 283; *Insurance Co.* v. *Hurd*, 19 Ohio, 149; *Mitchell* v. *Insurance Co.* 51 Pa. St. 402; *Insurance Co.* v. *Earle*, 33 Mich. 150; *Behler* v. *Insurance Co.* 68 Ind. 354; *Suneval* v. *Insurance Co.* 18 Iowa, 319; *Welsh*

v. *Insurance Co.* 31 id. 133; *Borgraefe* v. *Knights of Honor*, 22 Mo. App. 139; *Brotherhood's case*, 31 Beav. 365.

Plaintiff's decedent was not a member of the defendant association in good standing at the time of his death, and therefore plaintiff cannot recover. *Hanson* v. *Knights of Honor*, 140 Ill. 301; 40 Ill. App. 216; *Karcher* v. *Knights of Honor*, 137 Mass. 368; *Madeira* v. *Merchants' Society*, 16 Fed. Rep. 749; *Royal Templars* v. *Curd*, 111 Ill. 284; *Hawkshaw* v. *Knights of Honor*, 29 Fed. Rep. 770; *Weakly* v. *Benefit Ass.* 19 Ill. App. 327; *Accident Ass.* v. *Miller*, 26 id. 230; *Borgraefe* v. *Knights of Honor*, 22 Mo. App. 127; *Insurance Co.* v. *Laury*, 84 Pa. St. 43; *Insurance Co.* v. *Cochran*, 88 id. 230; *Insurance Co.* v. *Rought*, 97 id. 415; *Yoe* v. *Benefit Ass.* 63 Md. 83; *McDonald* v. *Ross-Lewin*, 29 Hun, 87; *Blanchard* v. *Insurance Co.* 33 N. H. 9; *Roode* v. *Railway Pass. Ass.* 31 Fed. Rep. 62; *Insurance Co.* v. *Rosenberger*, 84 Pa. St. 373.

There was no waiver as to the future in merely receiving money after due, nor in merely sending notice of assessment to a delinquent. *Masonic Aid Society* v. *Baldwin*, 86 Ill. 479; *Thompson* v. *Insurance Co.* 104 U. S. 252; Bacon on Mutual Benefit Societies, sec. 432; *Insurance Co.* v. *Laury*, 84 Pa. St. 43; *Borgraefe* v. *Knights of Honor*, 22 Mo. App. 127; Cook on Life Ins. secs. 187, 188.

A partial payment of assessments by a delinquent will not revive his membership while a balance remains due thereon. *Carlock* v. *Insurance Co.* 138 Ill. 210.

The plea that the decision of the board was final is admitted good by failure to demur thereto. *Robinson* v. *Yates City Lodge*, 86 Ill. 596; *Rice* v. *Board of Trade*, 80 id. 134; *Fisher* v. *Board of Trade*, 80 id. 85; *Baxter* v. *Board of Trade*, 83 id. 146; *Sturges* v. *Board of Trade*, 86 id. 441; *Roode* v. *Railway Pass. Ass.* 31 Fed. Rep. 62; *Chase* v. *Cheney*, 58 Ill. 509; *Van Poucke* v. *Society*, 63 Mich. 378.

The damages were excessive. The by-laws provide for an unliquidated sum, not exceeding $2500. The court gave judgment for $3000. *Ring* v. *Accident Ass.* 33 Ill. App. 168; *Railway Conductors' Ass.* v. *Loomis*, 142 Ill. 560.

GREGORY, BOOTH & HARLAN, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The second plea, filed by the present appellant in the trial court, avers that an assessment of $2.50 was duly made upon the deceased, S. S. Swarts, on June 1, 1889; that he and plaintiff below, the present appellee, were each duly notified, but did not pay said assessment, and neglected to pay the same for the period of thirty days from the date thereof; and that he thereby, under article 6 of the by-laws, ceased to be a member in his lifetime, towit: on July 1, 1889. The third plea avers that an assessment of same amount was duly made upon said Swarts on July 1, 1889, of which he had due notice on that day, but that he did not pay the same and neglected to pay it for the period of thirty days from the date thereof; and that thereby, and because of said by-law, he ceased to be a member in his lifetime on July 31, 1889. The replications set up waiver and estoppel.

The court instructed the jury that the defendant might waive a condition by which the rights and privileges accruing to a member would be forfeited; that such waiver might be shown either by express agreement or by conduct of the association indicating that the assured was still recognized as a member of the society; that in determining whether he was so recognized as a member up to the date of his death, the jury might take into consideration, together with all the other facts and circumstances in evidence, such testimony, if any there was, as might tend to show that the defendant, after such forfeiture had accrued, accepted the payment of any assessment from said Swarts, or testimony, if any there was, tending to show that the defendant, after such forfeiture had accrued, levied upon said Swarts a further assessment. The defendant excepted to the instruction so given to the jury. We are of opinion that no error was committed by the giving of such instruction.

Where a life insurance policy provides for a forfeiture for the non-payment of the annual premium on or before a specified time, such provision is for the benefit of the insurance company, and the company has a right to waive the forfeiture and dispense with a prompt payment of the premium at the time when it is due. Unless the circumstances show a clear intention to declare a forfeiture, it will not be enforced. Where the practice of the company, and its course of dealing with the insured, and others known to the insured, has been such as to induce a belief that so much of the contract as provides for a forfeiture in a certain event will not be insisted upon, the company will not be allowed to set up such forfeiture as against one in whom their conduct has induced such belief. (*Chicago Life Ins. Co.* v. *Warner*, 80 Ill. 410). An insurance company has the option to waive a condition or stipulation made in its own favor. Forfeitures are not favored in the law, and courts readily seize hold of any circumstances that indicate an intent to waive a forfeiture. (*Insurance Co.* v. *Norton*, 96 U. S. 234). "Any agreement, declaration or course of action, on the part of an insurance company, which leads a party insured honestly to believe that, by conforming thereto a forfeiture of his policy will not be incurred, followed by due conformity on his part, will and ought to estop the company from insisting upon the forfeiture, though it might be claimed under the express letter of the contract. The company is thereby estopped from enforcing the forfeiture." (*Hartford Life Ins. Co.* v. *Unsell*, 144 U. S. 439).

It is contended by counsel for appellant, that the doctrine of waiver as above stated applies only to insurance companies having a capital stock and insuring the lives of strangers, and that it has no application to mutual benefit societies, or associations established on the mutual principle. Some cases are referred to which seem to sustain the contention of counsel, but this court is committed to the position that mutual benefit associations are sub-

ject to the application of the doctrine of waiver. In *Metropolitan Accident Ass.* v. *Windover*, 137 Ill. 417, we held that, where, by the terms of a by-law of a mutual benefit association, failure to pay an assessment within thirty days after notice operated as a forfeiture of membership, such forfeiture might be waived by the association, and, when once waived, could not be asserted ; and that conduct on the part of the association inconsistent with an intention to insist upon a forfeiture was evidence of a waiver, if not an actual waiver.

What acts will in all cases amount to a waiver of a forfeiture of membership in a mutual benefit society can not be definitely stated, but conduct on the part of the society, which amounts to a recognition of a member's claim to the continuing rights of membership, will relieve him from the consequences of his default. The receipt of assessments after default in payment is a common form of waiver. The question of waiver is in most cases a question of fact for the jury. (16 Am. & Eng. Ency. of Law, page 83). A mutual life insurance company may waive a forfeiture by making a new assessment while a member is in default through failure to pay a previous assessment within the time limited by the by-laws. (*Stylow* v. *Wisconsin Odd Fellows' Mutual Life Ins. Co.* 69 Wis. 224). Where, out of sixty-four payments made by the assured, sixty-three had been made after the time limited by the by-laws had expired, and no conditions were insisted upon for re-instatement, it was held, that such a course of conduct of the company estopped it from insisting upon a forfeiture for non-payment within such time without giving personal notice, that thereafter prompt payment would be required. (Id.) After the insured has become delinquent for non-payment of an assessment within the stipulated time, the company waives its right to declare the contract forfeited for such delinquency if, with knowledge thereof, it makes a new assessment. The making of a new assessment is a recognition of the con-

tinued existence of the membership. (*Sweetser* v. *Odd Fell. Mut. Aid Ass. of Ind.* 117 Ind. 97 ; *Painter* v. *Industrial Life Ass.* 131 id. 68.)

In the present case, the undisputed evidence shows the following facts : Out of some twenty assessments, levied upon Swarts, he was delinquent on seventeen, which he failed to pay within the thirty days limited by article 6 of the by-laws, in some instances delaying payment more than a month after the stipulated time; and yet he was recognized as a member up to the time of his death, and his name was not stricken from the roll of membership until after his death. On June 1, 1889, an assessment was levied upon Swarts, of which due notice was sent to the local secretary for him, but he did not pay it during the month of June. On July 1, 1889, another assessment was levied upon him, which he did not pay during the month of July. On August 1, 1889, still another assessment was levied upon him, which was payable thirty days after August 1. On August 10, 1889, he paid the June assessment to the local secretary, and promised to pay the others on August 14, 1889, when he was to receive his pay from the company employing him, and the local secretary agreed to wait on him until that time, but on the 14th he was injured and died the next day. On August 16, 1889, the local secretary remitted the amount of the June assessment to the grand secretary, explaining the circumstances. The local secretary, Hildreth, was at the same time in default for the non-payment of the June, July and August assessments, and, when he remitted the money Swarts had given him for the June assessment, he also remitted what he himself owed for the three unpaid assessments. The money of Hildreth was accepted, and, although he did not pay the additional fee specified in said article 6, he was retained as a member. An entry seems to have been made at first upon the books showing the receipt of the June assessment paid by Swarts, but it was afterwards erased under the direction of the grand

secretary, who declined to receive the money of Swarts, and on August 19, 1889, returned it to the local secretary, stating that Swarts was delinquent for the July assessment.   On the same day, August 19, an entry was made on the books under the direction of the grand secretary as follows :   "S. S. Swarts, delinquent July 1, 1889."   It thus appears that Swarts was not declared to be a delinquent until five days after his death.

On July 1, 1889, under a strict construction of article 6 of the by-laws, the association had a right to regard Swarts as no longer a member, because he had neglected for thirty days to pay the assessment made against him on June 1, 1889, but they made another assessment against him on July 1, and thereby still recognized him as a member.   They did the same thing on August 1, and again recognized him as a member.   Article 5 of the constitution provides that "assessments shall be only made by authority of the board of directors."   It must be presumed that these assessments were made by authority of the board.   Notices of them were sent by the grand secretary, who recognized and dealt with Hildreth as the local secretary.   We think that the evidence tends to bring this case within the scope of the above stated rules in regard to waiver.   The jury had a right to consider the facts relating to the June, July and August assessments, in connection with the previous conduct of the association towards the deceased in the matter of over-due assessments, with a view of determining whether there was really a waiver of his defaults in not complying with article 6 of the by-laws.

The fourth, fifth and sixth pleas set up that, under article 5 of the constitution and article 4 of the by-laws, the claim of plaintiff, having been referred to the board of directors and heard, considered and rejected by them, their decision was final ; and, as they refused to approve the claim, no assessment therefor had been, or could be, made.   The proof tends to show, that the claim was sub-

mitted to the board of directors by the local secretary, Hildreth, and not by appellee. But, irrespective of the mode of presenting the claim to the board, the decision of that body upon the subject of allowing it, is not final as to appellee, so as to bar her from suing the association. We have recently held in *Railway Conductors' Benefit Ass.* v. *Robinson,* 147 Ill. 138, that, under the provisions of the constitution and by-laws of appellant as above referred to, the board of directors of the association has no power to determine conclusively the rights of a beneficiary to the indemnity provided for.

Some other objections of a purely technical character are noticed by counsel in their briefs, but we do not deem them of sufficient importance to require discussion. There is, however, an error in one of the instructions, resulting in the rendition of a verdict for too large an amount, which requires a reversal of the judgment.

The court instructed the jury as follows: "If you find, from the evidence and under the instructions of the court, that the plaintiff is entitled to recover, your verdict will be for the maximum amount specified in the certificate less three assessments payable in June, July and August, 1889, and interest at five per cent from November 1, 1889." The maximum amount fixed by the constitution, and not stated in the certificate, is $2500.00, and therefore $500.00 of the $3000.00, for which the verdict was rendered, is for interest. Article 7 of the constitution provides, that "in no case shall a greater sum than $2500 be paid to a member or his heirs entitled to receive the same on account of death or disability, and all monies realized from said assessment over and above that sum shall be paid into the treasury of the association for the general purposes of its business." Article 8 provides: "the amount of benefit money not to exceed $2500." The proof tends to show that there were about 1290 members, so that an assessment of $2.50 upon each was sufficient to raise $2500.00.

There may be circumstances under which a member would be entitled to interest on the maximum amount, but the requirement is very positive, that in no case shall a greater sum than $2500.00 be paid, etc., and the present judgment exceeds $2500.00 by the sum of $500.00.

We have held, that the contract embodied in such a certificate of membership, as is set out in the declaration in this case, taken in connection with the constitution and by-laws of the association and such oral evidence as is necessary to link together the written and unwritten matter, is an unwritten contract. (*Conductors' Benefit Ass.* v. *Loomis*, 142 Ill. 560). We have held that interest is not allowable upon such a contract under the Illinois statute. (*West Chicago Alcohol Works* v. *Sheer*, 104 Ill. 586). This suit is not brought upon any such instrument in writing as is contemplated by the act in regard to interest, and it can not be claimed that, here, money has been withheld by an unreasonable and vexatious delay of payment. (Rev. Stat. chap. 74, sec. 2).

For the error indicated the judgments of the Appellate and circuit courts are reversed, and the cause is remanded to the circuit court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*

Afterwards, on October 30, 1895, upon consideration of the motion of appellee for leave to file *remittitur,* etc., the following additional opinion was filed:

Per CURIAM:  As appellee offers to remit the interest on its being held that she is not entitled thereto, the judgment of reversal heretofore entered herein is amended so as to read as follows: For the error indicated the judgments of the Appellate and circuit courts are reversed, and the cause is remanded to the circuit court, with direction to that court, upon a *remittitur* being made by appellee of the interest, ($500), to enter judgment for the residue of the verdict ($2500). *West Chicago Alcohol Works* v. *Sheer*, 104 Ill. 586; *Tomlinson* v. *Earnshaw*, 112 id. 311.