## NIXON, RESPONDENT, *v.* CUTTING FRUIT PACKING COMPANY, APPELLANT.

[Submitted October 22, 1895. Decided November 4, 1895.]

CONTRACTS—*Instructions.*—In an action by an agent against his principal for commissions on the sales of goods, it being admitted that plaintiff was not to receive any commission on sales unless he made money for the defendant, and defendant contending that by plaintiff ordering different goods to be shipped to his customers than those sold he lost money on the sales,—it was error for the court in instructing the jury to base plaintiff's right to recover on the simple question as to whether he actually sold the goods, without regard to the condition that he was to make money for the defendant.

INTEREST—*Vexatious delay.*—Where an unreasonable or vexatious delay in withholding payment of plaintiff's demand was neither pleaded nor proved, and it appeared that the defendant defended the suit in good faith, believing he had a meritorious defense, it was error to charge the jury that plaintiff, in event of recovering was entitled to ten per cent. interest on the claim from the time of its inception.

*Appeal from Second Judicial District, Silver Bow County.*

ACTION to recover commission on sales. The cause was tried before McHATTON, J. Plaintiff had judgment below. Reversed.

Statement of the case by the justice delivering the opinion.

This is an action on account. Plaintiff, who was the agent for the defendant in the sale of its goods in this state, sues for $299, which he claims is due and owing from defendant as commission on sales made by him of the defendant's goods. The defendant is engaged in the fruit-packing business in the state of California. The defendant admits the agency of plaintiff, but it alleges that plaintiff acted as its agent, and sold its goods, with the understanding and under an agreement that, if he did not make money for the defendant in selling its goods, he was not to have any commission on the sales thereof; that the defendant was putting up, packing, and placing upon the market two brands of goods, to wit, the "Cutting" and the "Rose" brands; that the "Rose" was inferior to the "Cutting" brand; that the plaintiff sold several lots of goods in and around Butte, and sent the orders to defendant to be filled; that the parties purchasing and ordering said goods purchased and ordered the "Cutting" brand, and the plaintiff ordered the defendant to ship to such parties the inferior "Rose" brand; that when the goods arrived the consignees refused to receive, take, and pay for them, on account of such action of the plaintiff; that by reason of such conduct on the part of the plaintiff, defendant had to send a man, at great expense, from California to Butte, to adjust the disputes arising from the misconduct of plaintiff; that defendant was compelled to sell the goods at great loss, and that by reason of such loss and expense defendant did not make, but lost, money, by reason of the agency of the plaintiff. The defendant therefore denies any indebtedness to plaintiff.

The case was tried with a jury, who rendered a verdict for the plaintiff. From the judgment thereon, and an order refusing a new trial, the defendant appeals.

*Forbis & Forbis*, for Appellant.

*John W. Cotter*, for Respondent.

PEMBERTON, C. J.—This case was commenced in a justice's court, and the pleadings are therefore informal. The plaintiff

merely filed his account in court, to which the defendant filed an answer, setting forth the terms of the plaintiff's employ-ment by defendant, substantially as shown in the statement. The plaintiff admits that the terms of his employment were as stated by defendant in its answer, but says defendant would have made money if it had complied with its contract.

The court gave the following instruction to the jury: "You are instructed that if you find from the evidence that the plaintiff in this action entered into the service of the defendant to sell goods on a commission of two and one-half per cent. on the dollar for all goods sold by plaintiff for defendant in the state of Montana, and that thereafter and in pursuance of said agreement plaintiff sold goods amounting to the sum of twelve thousand dollars, and that the commissions on said amount for the goods so sold amounted to the sum of two hundred and ninety-nine dollars, and that the defendant has not paid the same, or any part thereof, you should find a verdict for plaint-iff for that sum."

Defendant assigns the giving of this instruction as error. Defendant contends that neither the pleadings nor evidence justified the giving of this instruction, as there was no dispute that plaintiff sold the goods for defendant. But he was not to have any commission unless he made money for the defend-ant, as plaintiff himself admits. His right to commission was dependent upon the condition that he made money for defend-ant. He admits he made no money for defendant, but charges the failure to defendant. This instruction ignored this condi-tion entirely, and based plaintiff's right to recover upon the simple question as to whether he actually sold the goods, which question was not in dispute. The instruction is not in conformity with the theory upon which the case was tried. We think it was misleading, in conflict with other instruc-tions, and therefore prejudicial to the defendant.

The court also gave the following instruction: "You are instructed that if you find from the evidence that the defend-ant in this action was on the 18th day of October, A. D. 1889, indebted to plaintiff in the sum of two hundred and ninety-

nine dollars for services rendered to defendant, and that the defendant has retained and withheld the said sum of money by an unreasonable and vexatious delay, you should find a verdict for the plaintiff for the said sum of two hundred and ninety-nine dollars, with ten per centum interest added thereto from the 1st day of October, A. D. 1889.''

The defendant assigns the giving of this instruction as error. Defendant contends that there is no averment in the pleadings of unreasonable and vexatious delay, nor any evidence to justify the giving of this instruction. This contention, we think, is clearly supported by the record. The defendant was not guilty of, or properly charged with, unreasonable and vexatious delay by defending in good faith this suit. (11 Am. & Eng. Enc. Law, pp. 384, 385, and cases cited; *Devine* v. *Edwards*, 101 Ill. 138; *Alcohol Works* v. *Sheer*, 104 Ill. 586.)

We think the record in this case discloses the fact that the defendant believed it had a meritorious defense to the action. The evidence shows that the defendant was put to great expense and loss by having to store the goods the plaintiff sold, in sending a man from California to adjust disputes with parties to whom plaintiff had sold its goods, and by being compelled to sell such goods at reduced prices; all resulting from plaintiff's selling one brand of goods to his customers and ordering another, in such disobedience of instructions of the defendant as manifested bad faith on the part of plaintiff towards his employer and customers. In this case the agency of plaintiff and the sale of the goods by him are not matters in dispute. That plaintiff was not to recover commissions unless he made money for the defendant, and that he did not make money for it, are conceded by plaintiff. The only issue left was whether his failure to make money for the defendant was chargeable to its own fault or failure to comply with its part of the contract between it and plaintiff. To show such failure devolved upon the plaintiff.

The defendant contends that the evidence does not support the verdict, in that it does not show that plaintiff's failure to

make money is in any way chargeable to defendant. While we do not feel called upon to determine this question, yet we feel authorized in saying that the record does not satisfy us that plaintiff has shown, as we think he was bound to do in order to authorize a recovery, that defendant's failure to make money through his agency is attributable to its own default or failure to comply with its contract in any particular. On account of the errors of law above shown the judgment and order appealed from are reversed.

*Reversed.*

DE WITT and HUNT, JJ., concur.