### Columbus Mutual Life Association v. James Hanrahan, Adm., etc.

1. LIFE INSURANCE—*Forfeitures.*—The mere failure to pay a quarterly assessment dees not create a forfeiture.

2. SAME—*Intention to Declare a Forfeiture Must be Shown.*—A clear intention to declare a forfeiture must be shown or it will be held not to have taken place.

3. FORFEITURES—*Where a Policy Holder Has Not Misled the Insurer —Life Insurance.*—A policy holder may readily misunderstand the true condition of his insurance and unless he has misled the company to its injury, it can not take advantage of and insist upon his acknowledgment of a forfeiture made in ignorance of the true condition of affairs.

**Assumpsit**, on a policy of life insurance. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed November 1, 1901.

C. PORTER JOHNSON, attorney for appellant.

JAMES MAHER, attorney for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

This was an action upon an insurance policy issued to Patrick McBride, under which judgment for $1,140.14 was rendered against appellant.

Appellant insists that the policy lapsed some three weeks before the death of McBride.

A payment of a quarterly assessment was past due March 15, 1897. This was not received at that time at the office of the company, and the bookkeeper of the company wrote in its books with reference to McBride's policy "lapsed."

April 6, 1897, McBride died. On that day there was received at the office of the company an application for re-instatement having appended thereto the name of Patrick McBride; that the signature was his, or the application made or forwarded by him, was not shown. The same day there was received by mail $4.75, purporting to be sent by McBride; and a receipt therefor as for a quarterly payment was mailed to him April 7th.

One Doctor Shanyahan was, in 1897, an agent for the company, solicited business and made collections for it. Thomas Skahan testified that in March, 1897, about two weeks before McBride died, he saw Shanyahan present to him a bill from the Columbus Mutual Life Company and that McBride asked the witness if he had any money, to which he replied, "No, that he had a check;" that he, witness, endeavored to get his check cashed, but failing in this McBride borrowed two dollars of a bartender and paid it to Shanyahan.

It does not appear that the bookkeeper had any authority to declare McBride's policy lapsed, or that the company took any action toward declaring his policy at an end for non-payment of dues. The mere failure to pay did not create a forfeiture. Northwestern Traveling Men's Association v. Schauss, 148 Ill. 304; Niblack on Benefit Societies, Sec. 287.

A clear intention to declare a forfeiture must be shown or it will not be held to have taken place. Conductors' Benefit Association v. Tucker, 157 Ill. 194.

Whether McBride treated his policy as lapsed and made application for re-instatement, or whether he paid his quarterly dues to Doctor Shanyahan, were questions of fact which have been found by the court below against appellant. Nor does it necessarily follow that if the assured made an application to have his policy re-instated he was

bound by such application and the policy is to be treated as having then lapsed.

One may readily misunderstand the true condition of his insurance and unless he has misled the company to its injury it can not take advantage of and insist upon his acknowledgment of forfeiture made in ignorance of the true condition of affairs. Mutual Life Association v. Hamlin, 139 U. S. 297–306.

The judgment of the Superior Court is affirmed.