UNITED ORDER OF GOOD SAMARITANS *v.* ANDERSON.

Opinion delivered October 25, 1926.

1. INSURANCE—BENEFIT INSURANCE—SUSPENSION OF DELINQUENT.—Where the constitution and by-laws of a fraternal benefit society provide that a member neglecting to pay dues for two months shall be notified thereof by the secretary, and suspended in open meeting, and record thereof made on the minutes, mere delinquency in payment of dues did not automatically suspend the delinquent member.

2. INSURANCE—FORFEITURE.—Where mere nonpayments of assessment dues does not of itself forfeit insurance, a clear intention to declare a forfeiture must be shown, and, if notice is required, it must be given.

3. INSURANCE—REINSTATEMENT—EVIDENCE OF GOOD HEALTH.—Evidence *held* to sustain a finding that a member of a fraternal benefit association was in good health when she applied for reinstatement.

4. APPEAL AND ERROR—QUESTION NOT RAISED.—A question not raised in appellant's motion for new trial will not be considered on appeal.

Appeal from Pulaski Circuit Court, Second Division; *Richard M. Mann,* Judge; affirmed.

*Booker & Booker,* for appellant.

*Isgrig & Dillon,* for appellee.

SMITH, J. Appellees are the beneficiaries named in an insurance policy issued by appellant, a fraternal benefit society, to one Fannie Johnson, and, upon the death of the insured, appellees brought this suit to recover the amount of the insurance. There was a trial before a jury, and from a verdict and judgment in appellees' favor is this appeal.

Liability was denied upon the ground that, by failing to pay the monthly assessment levied against all members, the policy of Fannie Johnson had lapsed. It is also insisted that, while an attempt was made to reinstate the insured, the attempt was unsuccessful, for the reason, chiefly, that the insured was in bad health at the time of the reinstatement; a by-law of the order providing that reinstatement would be granted only to members who were in good health at the time of their application to be reinstated.

The instructions submitted two questions to the jury, the first whether the policy had lapsed, the second whether, if the policy had lapsed, the insured was in good health at the time she was reinstated.

We think the testimony warranted the submission of both these questions, and that the jury might have found for appellees on either or both of these issues.

A section of the constitution and by-laws of the society reads as follows: "Any brother (sister) neglecting to pay all arrears to the funds of the colony for two months shall be notified by the secretary, and shall be suspended by the colonial chancellor in open meeting, a record of such suspension shall be entered on the minutes of the colony, and, during such suspension, he (she) shall forfeit all claims to the privileges of the colony, and should he (she) desire to return, he (she) shall pay up all indebtedness and contributions that may have been assessed on each member in the interval between his (her) suspension and time of return, and shall stand over one month before he (she) shall be entitled to any benefits."

It thus appears that mere delinquency in payment of dues does not automatically suspend a delinquent member, but, before the member is suspended, there must be notice of delinquency and suspension in open meeting, of which action a record is to be made on the minutes of the colony, which we understand to be the local lodge of which the delinquent was a member.

The testimony fully supports the contention of appellees that no notice was given or action taken, and the

verdict of the jury might therefore be affirmed on this account.

Appellant insists that this case should be reversed and dismissed upon the authority of the case of *Sovereign Camp Woodmen of the World* v. *Anderson*, 133 Ark. 411, 202 S. W. 698. In that case it was held that, where a certificate of insurance in a fraternal order made the constitution and by-laws of the order a part thereof, and the constitution and by-laws provided that, when the certificate lapsed for failure to pay dues, it could be reinstated only upon a statement by the insured that he was in good health, the insured is held to have knowledge of these regulations, and could not be reinstated by the mere payment of dues when the insured was in bad health at the time of his application for reinstatement.

It appears, however, from the opinion in that case that the constitution and by-laws provided that the insured should stand suspended upon the nonpayment of dues, and no notice of delinquency or order of suspension was necessary to make the suspension effective. Here, however, as we have said, the constitution and by-laws require notice and an order of suspension.

"Where the mere nonpayment of an assessment does not of itself forfeit the insurance, a clear intention on the part of the. insurer to declare a forfeiture must be shown, or it will be held not to have taken place (*Columbus Mut. Life Assn.* v. *Hanrahan*, 98 Ill. App. 22). If the insurer is, by contract or law, required to give insured notice of a forfeiture or suspension for nonpayment of assessments or dues, notice must be given." 3 Cooley's Briefs on the Law of Insurance, page 2382.

It is an undisputed fact that Fannie Johnson became delinquent in the payment of her dues, and it is also undisputed that one of the beneficiaries paid the delinquent assessments. These delinquent dues were forwarded to the head office of the society by the local officer of the colony to whom the payment was made. It was the duty of the proper officer at the home office to make a record showing the reinstatement of any delin-

quent member who had complied with the by-laws of the society. This notation on the records of the society was not made in the case of Fannie Johnson, for the reason that she had not furnished a certificate. showing that she was in good health, and it is insisted that the undisputed testimony shows that the insured was not in good health.

In one of the instructions given, the jury were told to find for the defendant (appellant) if they found the insured was not in good health at the time of her application to be reinstated, so that the jury must have found the fact to be that she was in good health, and we are unable to say this finding is contrary to the undisputed evidence or is unsupported by substantial evidence. One of the appellees, a daughter of the insured, testified that her mother was employed as a nurse for a child, and was so engaged until a few days before her death, when she suffered a "stroke," from which she died.

The verdict returned was for the sum of $300, and it is insisted that, because of the age of the insured, she was entitled, under the by-laws of the society, to recover only one-half that amount. In answer to this insistence it suffices to say that no such question was raised in the motion for a new trial.

We find no error in the record, so the judgment is affirmed.