Lillian Olszewski, Appellant, v. R. G. Fitchie et al., Appellees.

Gen. No. 38,636.

Opinion filed December 9, 1936.

KENNETH F. SIMPSON, of Chicago, for appellant.

LOUIS A. LANGILLE, of Chicago, for appellees; WILLARD R. MATHENY, of Chicago, of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an appeal by the plaintiff as the widow and administratrix of the estate of Edward Olszewski, deceased, from a judgment entered in the municipal court

of Chicago, in favor of the defendant officers and members of the Milk Wagon Drivers' Union, in an action to recover $1,000 death benefit provided for in the by-laws of the Union.

From the stipulation of facts agreed to by the parties it appears that Edward Olszewski, deceased, was a member of the Union from 1929, until the day of his death on November 20, 1932; that he was not suspended or expelled from the Union during the time of his membership. The by-laws attached to the stipulation were in effect during the year 1932, the material portions of which are as follows:

"Sec. 12. The dues are Six ($6.00) dollars per month, payable quarterly in advance.

"Sec. 13. The quarter begins January 1st, April 1st, July 1st, October 1st, but the dues are payable on and after December 1st, March 1st, June 1st, and September 1st, for the advance quarter.

"Sec. 14. Any member that is more than the current month's dues in arrears shall not be entitled to sick or death benefit, and he shall not be eligible as a candidate for any office or have a vote.

"Sec. 15. Any member working at the craft who is more than 90 days in arrears in dues shall stand suspended, and must appear before the Executive Board for disposition of the case.

"Sec. 16. Any member who has been suspended for the nonpayment of dues, at a regular meeting, cannot be reinstated unless he pay a new initiation fee, and all the dues charged against him at the time of his suspension.

"Sec. 19. Only members in good standing shall be eligible to hold office. Suspensions or expulsions for any cause, or absence from three succeeding meetings, without sufficient cause, shall forfeit any official position.

"Sec. 42. Sick and Death benefits will be paid after March 1st, 1912.

"A member taken sick or dying owing dues for the previous month shall be debarred from all benefits.

"If a member is not paid up at time of sickness or death he cannot then pay up and become entitled to benefits.

"A member must be in continuous good standing three months prior to sickness or death before a benefit can be paid."

Three receipts were also attached to the stipulation of facts which were issued by the Union to the member on the dates they bear, and were given for payments of the quarterly dues as follows:

"Receipt No. 19095, dated March 30, 1932, dues for April, May and June, 1932, paid March 30, 1932.

"Receipt No. 990, dated September 7, 1932, dues for July, August and September, 1932, paid September 7, 1932.

"Receipt No. 45271, dated October 10, 1932, dues for October, November and December, 1932, paid October 10, 1932."

The payments of the dues were made and accepted by the Union on the dates the receipts bear, and from the statement of facts it appears the right or authority of the agent and officers of the Union to accept the payments is not questioned by the Union.

The defendants contend that their refusal to pay the benefit was proper since there was a failure to comply with the by-laws governing the case; that the member defaulted in payment in his lifetime, and although this voluntary association accepted the payments after the time fixed in the by-laws, still there could be no waiver for the reason that the Milk Wagon Drivers' Union was organized with certain purposes and aims in view, among which were better working conditions of em-

ployment and increase in wages of its members; that sick and death benefits were incidental to the main purpose of the Union, and that failure to suspend or expel the member for delayed payments would not affect his standing as a member of the Union.

Membership in this Union is a matter of contract between the parties, controlled by such by-laws as affect the standing of its members.

The by-laws as we understand them provide that $6 a month shall be paid quarterly in advance, and further that when a member is in arrears for more than the current month's dues he shall not be entitled to sick or death benefit, and in considering the stipulated facts we find receipt of dues was acknowledged for the quarter ending December, 1932, having been paid on October 10, 1932. It necessarily follows in applying the facts, as we have them before us, to the by-laws, that at the time the last quarter's dues were paid on October 10, 1932, not more than the current month's dues were in arrears.

In arriving at a decision this court is guided by the contract and the by-laws that apply to the parties, and we believe from the facts that there was only one month's current dues in arrears at the time payment was made on October 10, 1932. This conclusion is supported by the following provision:

"A member taken sick or dying owing dues for the previous month shall be debarred from all benefits."

Then again we have the question before us whether or not the defendants waived any claimed default by the acceptance of the payments when they were offered.

Both parties to the controversy seem to rely on the case of *Railway Passenger & Freight Conductors' Mut. Aid & Benefit Ass'n v. Tucker*, 157 Ill. 194. There the court laid down the rule in these words:

"What acts will in all cases amount to a waiver of a forfeiture of membership in a mutual benefit society can not be definitely stated, but conduct on the part of the society, which amounts to a recognition of a member's claim to the continuing rights of membership, will relieve him from the consequences of his default. The receipt of assessments after default in payment is a common form of waiver. The question of waiver is in most cases a question of fact for the jury. (16 Am. & Eng. Ency. of Law, page 83.) A mutual life insurance company may waive a forfeiture by making a new assessment while a member is in default through failure to pay a previous assessment within the time limited by the by-laws. (*Stylow v. Wisconsin Odd Fellows' Mutual Life Ins. Co.,* 69 Wis. 224.)"

Notwithstanding the claimed defaults in this case, the member in his lifetime was charged with the monthly dues as they accrued, and the defendants accepted them with full knowledge that a short time had elapsed before receipt of the current month's dues, which were paid quarterly. With this knowledge they continued to recognize the membership of Olszewski, and no notice was ever given him that his right to the sick and death benefit was forfeited.

Again, both parties to this litigation have cited the case of *Dromgold v. Royal Neighbors,* 261 Ill. 60. The court in that case said: "No absolute rule can be laid down as to what acts will in all cases amount to a waiver of a forfeiture of membership in a mutual benefit society, but this court held in *Railway Conductors' Benefit Ass'n v. Tucker,* 157 Ill. 194, that 'conduct on the part of the society which amounts to a recognition of a member's claim to the continuing rights of membership will relieve him from the consequences of his default. The receipt of assessments after default in payment is a common form of waiver.'" And so it would seem from the authorities

cited by the parties that the continued recognition of the membership of Olszewski amounted to a waiver.

From the by-laws as we have them before us it is impossible to separate the rights of a member of the Union from the benefits to be derived by reason of the sick and death benefit. It may be true that membership in the Union carries with it the right to take advantage of the collective bargaining forces of the Union relating to wage scales and conditions of employment, still when a member joined there was held out to him that by the terms of the by-laws certain sick and death benefits were payable as such upon the conditions provided therein.

We are of the opinion that the plaintiff as the widow of Edward Olszewski is entitled to recover $1,000, the amount provided for as death benefit, and for the reasons stated herein, the judgment of the municipal court for the defendants is reversed and judgment is entered in this court for the plaintiff in the sum of $1,000.

*Judgment for defendants reversed and judgment here for plaintiff.*

DENIS E. SULLIVAN, P. J., and HALL, J., concur.