## Della M. Parker, Appellee, v. Railway Mail Mutual Benefit Association, Appellant.

### Gen. No. 9,487.

Opinion filed February 28, 1946. Released for publication March 26, 1946.

HAL M. STONE, of Bloomington, for appellant.

THOMPSON & MARTENSEN and PACEY & PACEY, all of Paxton, for appellee.

MR. PRESIDING JUSTICE HAYES delivered the opinion of the court.

This suit has been brought by Della M. Parker formerly Della M. Grove for death benefits she claims she is entitled to as beneficiary in a certificate of membership issued by the defendant, Railway Mail Mutual Benefit Association to Orville H. Grove. The cause was tried before a jury in the circuit court of Ford

county and a verdict for plaintiff was returned. The defendant association has appealed to this court.

The contract between the association and Grove provided for monthly instalments which, under the by-laws, became due without any express action by the executive committee or officer of the association, on the eighth day of every calendar month, which assessment had to be paid on or before the eighth day of the succeeding calendar month. The by-laws further provided that any member who failed to pay the assessment on the eighth day of the succeeding month should "thereby be suspended without any action by the association or any officer or committee thereof, and the failure to pay a regular monthly assessment on or before the eighth day of the second succeeding calendar month shall of itself work a forfeiture of membership without any action by the association or any officer or committee thereof." During suspension the by-laws provided that a member should not be entitled to any benefits nor should benefits be paid to the beneficiary of any member dying under suspension or during forfeiture. It was further provided that a member might be automatically reinstated during the suspension period by paying all past due assessments; where forfeiture occurred in addition to the payment of all past due instalments a new written application accompanied by a doctor's certificate was necessary.

Orville H. Grove died March 30, 1940. A monthly instalment of $2.25 had been levied by the association on February 8, 1940, due March 8, 1940, which Grove had not paid at the time of his death. The assessment was paid by plaintiff, his widow, immediately after his death. The association, relying upon the provisions of its by-laws, declared that Grove's membership was suspended and that as a result his beneficiary was not entitled to death benefits. Plaintiff on the other hand furnished proof that over a period of years in which 69 assessments became due, 42 were paid by Grove

after they had become due, 41 of which were made in connection with the last 53 assessments. Of these 42 past due payments, 28 were made during so-called "periods of suspension." Thirteen were made "after forfeiture" and in only four of these latter instances formal application with accompanying doctor's certificates were forwarded to the association by Grove. Plaintiff contends that this course of conduct proves that default in payment was tolerated by the association and therefore the right to invoke the effect of suspension provided by the by-laws has been waived by it.

■■ At the outset, it should be noted that contracts of insurance are liberally construed in favor of the insured. *Grand Legion Illinois Select Knights of America v. Beaty,* 224 Ill. 346. Moreover forfeiture of life insurance policies is not favored by the courts and any course of conduct tolerating defaults will be construed as a waiver by the company of its right to declare a forfeiture. *Routa v. Royal League,* 274 Ill. App. 152.

Defendant argues that acceptance of past due instalments cannot be construed as waiver because the by-laws expressly provide that such payments must be accepted if made during the period of suspension. It further points out that a notice was sent to Grove warning him that he was in default and not protected by his policy. These defenses have been asserted in numerous cases where policies of insurance of this type have been before the appellate courts of this State and they have been repeatedly rejected. *Railway Passenger & Freight Conductors' Mut. Aid & Benefit Ass'n v. Tucker,* 157 Ill. 194; *Routa v. Royal League, supra; Tesk v. Sagerstrom,* 317 Ill. App. 231; *Riddle v. General Union of International Brotherhood of Blacksmiths, Drop Forgers & Helpers,* 309 Ill. App. 163.

■ A strict or technical construction of the by-laws involved here based on pure logic gives consid-

erable strength to the defense suggested above. In reading the cases as they have developed in Illinois over a long period of time it is apparent however, that the courts have taken into consideration numerous factors; the fact that fraternal insurance contracts afford protection almost exclusively to members of the crafts and other working people; that the constitution, by-laws and insurance contract are drawn by the company, and that companies of this type, as is well illustrated in the present case, acquiesce in repeated delayed payments. It has been the policy of the courts of this State to give the insured and his family the benefit of every possible consideration to allow them to recover on their policy.

The judgment of the circuit court of Ford county is therefore affirmed.

*Judgment affirmed.*