# THE CHICAGO LIFE INSURANCE COMPANY

*v.*

## ANNA M. WARNER.

1. INSURANCE—*waiver of condition for forfeiture.* A condition in a policy of life insurance, that it shall be void if the annual premium is not paid on or before the time specified, being one for the benefit of the insurance company, may be waived by it, and if waived, the policy will not become void on non-payment at the day specified, and may be enforced.

2. SAME—*when company estopped from insisting on forfeiture.* If the practice of an insurance company, and its course of dealing with the insured, and others known to the insured, has been such as to induce a belief that so much of the contract as provides for a forfeiture in a certain event, will not be insisted on, the company will not be allowed to set up such forfeiture as against one in whom their conduct has induced such belief.

3. Where a policy of life insurance required payment of the annual premium on June 28th, of each year of the life of the insured, and provided for a forfeiture in case of non-payment on or before the day named, and on June 1 the insured was notified that he would be entitled to a dividend of $6.40, on the 28th, and the insured died on the 29th, without payment being made of the balance of the annual premium, and on July 2 the company wrote the insured that the premium fell due on the 28th, and if he wished to continue the policy, to remit the amount thereof by return mail: *Held*, that this showed that no forfeiture had been declared up to that time,

and was a waiver of the forfeiture, and the balance of the premium being tendered in a few days after this notice, the company was liable on the policy.

4. SAME—*right to add dividend.* Where a dividend is declared in favor of one whose life is insured, the same payable at the same time with the next annual premium, if the premium is not paid, the company will have the right to apply such dividend in part payment of the premium, but not to add the same to the amount of the policy, without the express assent of the assured. The fact that the company gave notice that it would be so applied, unless directed otherwise, and no direction was given, will not amount to an assent to make such addition. Such dividend, in the absence of an express agreement to the contrary, will be treated as a payment on the premium.

APPEAL from the Circuit Court of LaSalle county; the HON. EDWIN S. LELAND, Judge, presiding.

Mr. O. B. SANSUM, for the appellant.

Mr. H. N. RYON, and Mr. CHARLES BLANCHARD, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This action was brought by appellee on a policy of insurance issued by appellant, on the life of Wm. H. Warner, husband of appellee.

On a trial of the cause before the court, a jury having been waived, appellee recovered a judgment for the amount of the policy. The appellant claims that at the time Wm. H. Warner died, the policy was forfeited, for the non-payment of an annual premium of $25.56, due on the 28th day of June, 1872, and, for that reason, the judgment rendered was erroneous.

The policy was issued on the 28th day of June, 1870. It provides, that in consideration of $25.56, paid by Anna A. Warner, and of the annual premium of $25.56, to be paid on or before the 28th day of June, in every year during the term of life, do assure the life of Wm. H. Warner, for the sole benefit of Anna M. Warner, in the amount of $1000, for the term of his natural life, commencing June 28, 1870, payable ninety days after death, and due notice, etc.

The policy, among other conditions, contains the following: " If the said premiums shall not be paid on or before the days

above mentioned for the payment thereof, except as herein provided, then in every such case this policy shall be null and void, and the said company shall not be liable for the payment of the sum assured or any part thereof."

It appears, from the proof, that Wm. H. Warner died about 10 o'clock, in the forenoon of the 29th day of June, 1872, the premium due on the 28th day of June not having been paid to the company.

Under the plan of insurance, the policyholder was entitled to a dividend of $6.40, on the 28th day of June, 1872, on the policy. On the 1st day of June, the company sent to the insured a notice, in writing, that on the 28th of June, 1872, the policy would be entitled to the dividend, which may be used on that day as cash, in payment of the premium then falling due, or to the purchase on that day of $15 additional insurance, payable with the policy. If no instructions, in writing, were given to the company, the latter plan will be considered chosen, and the additions will be made payable with the policy.

A notice was also sent to the insured by the company, in which he was informed of the amount of premium for the year, and when the same became due.

After the death of Warner, and on the 2d day of July, the company addressed another communication to the assured, which contained the following: "The premium on your policy, No. 3244, *fell due* June 28th, 1872. If you wish to continue this policy in force, you will please remit above amount to this office by return mail, and oblige." Within a few days after this notice was received, appellee offered the company the balance of the premium due June 28, after deducting the $6.40 dividend, due at that date on the policy, but the company refused to accept.

It is obvious that the provision in the policy, providing for a forfeiture for a non-payment of the annual premium, was incorporated in the contract for the benefit of the insurance company. The policy did not necessarily become void, if the premium was not paid when due. The company had the undoubted right to waive the forfeiture, if it saw proper, and dis-

pense with a prompt payment of the premium at the time it was due.

If this has been done by the insurance company in this case, then, notwithstanding the contract declares the policy void if the premium is not paid when due, the company can not avail of the defense. If the practice of the company, and its course of dealings with the insured, and others known to the insured, has been such as to induce a belief that so much of the contract as provides for a forfeiture in a certain event will not be insisted on, the company will not be allowed to set up such forfeiture, as against one in whom their conduct has induced such belief. May on Insurance, sec. 361.

Were the facts in evidence sufficient to warrant the court in arriving at the conclusion that the forfeiture was waived? In the communication of June 1st, when the insured was informed by the company that he would be entitled to a dividend of $6.40 on the 28th, he was at the same time notified that unless other directions were given, $15 would be added to the policy, as the proceeds of the dividend; no intimation was, however, given that the addition would not be made to the policy if the premium was not paid, but the inference to be drawn from the language used was, that the addition to the policy would be made at all events.

The notice contained the further information that the addition to the policy was non-forfeiting, and at any time reconvertible into cash, in payment of premiums to the company.

If the company intended to insist upon a forfeiture of the policy, in case the premium was not promptly paid, why should it hold out to the insured that additions were to be made to a policy to be declared forfeited? The theory of adding to the policy, and on the same day declaring it forfeited, is so inconsistent, that we can not believe that the company anticipated any such result, or intended to create the impression on the mind of the insured that a forfeiture would be exacted.

This view of the matter seems more reasonable, from the subsequent conduct of the company. After the premium was past due, and on July 2d, they wrote to the insured, if he

desired to continue the policy in force, to remit the amount of the premium.

This letter clearly shows that the company had not elected to forfeit the policy for the failure of appellee to pay the premium when due, but that the right of forfeiture reserved in the policy had been waived.

It is conceded by the company, in its communications with appellee, that there was due her, on the policy, in dividends, the sum of $6.40, which would be due on the same day that the premium was payable.

This amount was in the hands of the company, and while it would have the right to apply the money in payment of the indebtedness due from appellee on premium, the company had no authority to add it to the policy, unless expressly author- ized by her. The fact that she gave no direction in regard to the matter, when notified that the amount would be added to the policy, unless she otherwise directed, can not be regarded sufficient authority on the part of the company to dispose of the money in that way.

The company never offered to pay the money to appellee. It saw proper to retain it. And as appellee was in no manner indebted to the company, except on the annual premium, the money retained by the company must be regarded as a pay- ment upon the premium.

The appellant, then, occupies a position where it has ac- cepted a portion of the premium due, and given no intimation that a forfeiture would be declared for a failure to pay the balance. Suppose the insured had, on the day the premium became due, gone to the company and paid one-half the pre- mium, which the company accepted and remained silent in regard to a forfeiture for the non-payment of the balance, it would be unreasonable to hold that the company could, under such circumstances, avail itself of the right of forfeiture, without first giving notice to the policyholder of an intention to rely upon a strict compliance with the terms and conditions of the policy, and yet such is substantially the position of ap- pellant, as disclosed by this record.

As is well said by May, in his work on Insurance, sec. 361, "Forfeitures are so odious in law, that they will be enforced only where there is the clearest evidence that such was the intention of the parties."

Here, there is not only an entire absence of an intention on the part of the company to declare a forfeiture, but the act of accepting a portion of the premium without an intimation that the policy would be declared forfeited unless the balance was promptly paid, may be regarded as a waiver of the condition requiring prompt payment.

Indeed the company may be regarded as estopped, by its own conduct, from insisting that the policy is forfeited, and upon this question *Reese* v. *Mutual Benefit Life Ins. Co.* 26 Barbour, 556, is in point. See, also, as authority upon the same principle, *Buckbee* v. *U. S. Ins. Co.* 18 Barbour, 541; *Helme* v. *The Phila. Life Ins. Co.* 61 Pa. State, 107.

In view of all the facts disclosed by the record, we are satisfied the judgment of the circuit court is correct, and it will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE DICKEY:* I concur in the conclusion reached in this opinion, but place it on the ground that the application for payment of the past due premium made after the death (although without the knowledge thereof), is satisfactory proof that the company had elected, at the time of the death, not to forfeit the policy, and the death occurring in this condition of affairs, fixed the liability.

Mr. JUSTICE SHELDON: I concur in the judgment, on the ground of the letter of July 2 being evidence of a waiver of the forfeiture.

---

*This case was not finally considered until after Mr. JUSTICE DICKEY came upon the bench.