65  313
71  357

## National Gross Loge des Unabhaengigen Ordens des Treubundes v. Catherine Jung.

1. BENEVOLENT ASSOCIATIONS—*Assessments Paid by Custom—Estoppel.*—Where an assessment in a benevolent association was paid in accordance with a certain method, sanctioned by the lodge but different from that prescribed by the by-laws, the association was held to be estopped from insisting upon a forfeiture.

2. SUICIDE—*An Affirmative Defense.*—In an action upon a certificate in a benevolent association, the defense that the insured committed suicide is an affirmative one, and is to be treated as such upon the trial.

3. CORONER'S INQUEST—*In Another State—Evidence.*—A paper which purports to be a finding that the insured committed suicide, signed by the coroner of St. Louis, but lacking the essentials of an inquisition under our statutes or at common law, when the statutes of Missouri are not in proof to show its competency, is not admissible in evidence.

Assumpsit, on a beneficiary certificate. Appeal from the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the February term, 1896. Affirmed. Opinion filed June 18, 1896.

DILL & SCHAEFER, attorneys for appellant.

HAMILL & BORDERS, attorneys for appellee.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

By appellant's constitution it is provided that assessments shall be made on the first of the month and be payable within thirty days thereafter; that, if an assessment is not paid within thirty days, the member shall not be entitled to any death benefits or other aid, but may be reinstated within the next thirty days by a majority vote of the lodge, if he shall meet his obligation and personally appear before the lodge and ask to be reinstated.

Andreas Jung died on the 1st or 2d day of June, 1895, without having paid the assessment made on the first day of the preceding May, and appellee, his beneficiary, was therefore not entitled to payment of the certificate according to the letter of the constitution.

But the evidence shows satisfactorily that from the time of the organization of the local lodge until the death of Andreas Jung, the majority of the members did not pay their assessments within the thirty days, but were permitted to make their payments on or before the first regular meeting in the month following that in which the assessments were made. This method of paying assessments grew into a custom, or practice, sanctioned by the lodge and relied upon by the members.

On June 2d, before it was known that Andreas Jung had been drowned, appellee paid the May assessment for her husband, and the assessment for two others whom he had been helping in the matter of advances; and on June 5th, at the first regular meeting of the lodge for that month, the payment for Andreas Jung, whose body had been found, was rejected, and the payment for the other two was accepted. Under the circumstances appellant is estopped from insisting on a forfeiture of the certificate. Chicago Life Ins. Co. v. Warner, 80 Ill. 410; Metropolitan Accident Association

v. Windover, 137 Id. 417; Conductor's Benefit Association v. Tucker, 157 Id. 194; Ins. Co. v. Norton, 96 U. S. 234; Hartford Life Ins. Co. v. Unsell, 144 Id. 439; Stylow v .Wisconsin Odd Fellow's Mutual Life Ins. Co., 69 Wis. 224; Helme v. Philadelphia Life Ins. Co., 61 Pa. St. 107.

Appellant criticises the first and second instructions given at the request of appellee. The objection seems to be that these instructions ignore the defense that Andreas Jung committed suicide, which, if established, would have reduced the amount to be recovered, according to the terms of the certificate, from $1,000 to $500. The defense of suicide was an affirmative one, and the law did not require appellee to anticipate and mention this defense in every instruction. Mitchell v. Milholland, 106 Ill. 175; County of Cook v. Harms, 108 Id. 151.

At the request of appellant, the court instructed the jury that suicide could be established by circumstantial evidence, and that if suicide were proved, there could be no recovery for more than $500. When the instructions are considered as one charge, the jury were not misled, but on the contrary, were sufficiently enlightened as to this defense.

Appellant also complains of the refusal of the court to give one of its instructions. The substance of the instruction was contained in others which were given, and there was no reversible error in refusing it.

The court admitted in evidence, as a part of the proofs of loss, a certain writing purporting to be signed by the coroner of St. Louis, Missouri, which contained a finding that Andreas Jung had committed suicide. It is urged that the ·court erred in instructing the jury that this writing did not prove suicide. But the so-called inquisition was held without the assistance of a jury, and is consequently no inquisition at all. The writing lacks other essential elements of an inquisition under our statutes or at common law, and the statutes of Missouri are not in the record. Hence, the court was justified in holding the writing not to be a lawful inquisition, and in telling the jury that it did not prove suicide.

But one question remains to be considered. Did Andreas

Jung commit suicide? The evidence upon this point was wholly circumstantial, and the jury were justified in finding the evidence to be insufficient to establish the defense of suicide.

On the whole we are satisfied with the result of the trial. The judgment is affirmed.