## Modern Woodmen of America v. Mec H. Anderson.

1. INSURANCE—*Waiver of Forfeiture Clauses by Course of Dealing.*—Where an insurance company, in its course of dealing with an insured, leads him to a reasonable belief that so much of the contract as provides for a forfeiture in a certain event will not be insisted upon, the company will not be allowed to set up such forfeiture as a defense in a suit upon the policy.

2. SAME—*Waiver of Forfeiture Clauses by Levying Assessments.*—
If an insurance society, after learning that one of its members is delin-
quent in the payment of assessments which have been made against
him, levies upon him another assessment, for a subsequent period, it
thereby recognizes the continued existence of his membership, and
waives its right to declare the contract forfeited for such delinquency.

3. EVIDENCE—*Effect of Objections to.*—The defendant in a suit upon
a policy of insurance produced a witness who testified that the deceased
had expressed an intention to let his insurance lapse, and thereupon
plaintiff offered to show that deceased was insane at the time the state-
ment was made, but was not allowed to do so, the defendant interposing
an objection. *Held*, on appeal, that if deceased was insane at the
time, the making of such remark could have no bearing, and that
defendant having presented a showing to that effect, could claim no
benefit from the remark.

**Assumpsit**, on an insurance policy.   Appeal from the Circuit Court
of McLean County; the Hon. THOS. F. TIPTON, Judge, presiding.   Heard
in this court at the May term, 1897.   Affirmed.   Opinion filed Septem-
ber 13, 1897.

## STATEMENT OF THE CASE.

On the 9th of April, 1889, S. T. Anderson became a mem-
ber of the Modern Woodmen of America, a fraternal benefit
society, incorporated under the laws of the State of Illinois,
and there was issued to him a certificate of insurance for
$2,000, payable at his death to his wife, appellee.

The certificate was subject to certain conditions, among
which was that all assessments levied for death benefits
should be paid to the local clerk of the camp to which
Anderson belonged before the first day of the month fol-
lowing the levying of the same, and a failure therein should
render the certificate null and void.

Anderson paid all assessments from the date of the cer-
tificate up to the time of his death, except those for the
months of June and July, 1896, but not always before the
first day of the month following the levying of the same.
He did not pay the assessments due in March, April, May
and June, 1895, until in July of that year.   He did not pay
the assessments due in July and August until in September
of that year.   He did not pay the assessments due in Sep-
tember, October and November, 1895, until in January,
1896.

Modern Woodmen of America v. Anderson.

On the 10th day of August, 1896, Anderson died, leaving unpaid the assessments for June and July of that year.

This suit was brought by his widow to recover the $2,000 named in the certificate and was defended upon the ground that the certificate was forfeited because of non-payment of the assessments for June, 1896, and those for January and April of that year.

The case was tried by the court without a jury. The court found the certificate was in force at the death of Anderson and rendered judgment in favor of appellee for $1,997.80.

HESS & JOHNSON and WELTY & STERLING, attorneys for appellant.

° There can be no waiver of forfeiture unless it is intended, or unless the act relied upon as a right would in equity estop the party from denying that he intended it to be a waiver of the condition precedent. Niblack on Ben. Soc., Sec. 306; Miller v. Union Cent. Life Ins. Co., 110 Ill. 102; Mut. Protec. Ins. Co. v. Laury, 84 Pa. St. 43; Crawford Co. Mut. Ins. Co. v. Cochran, 88 Pa. St. 230; Bennecke v. Ins. Co., 105 U. S. 355; Northwestern Mutual Life Ins. Co. v. Amerman, 119 Ill. 329; Sweetser v. Odd Fellows M. A. Ass'n, 117 Ind. 97; Bosworth v. West Mut. Aid, Society, 75 Iowa, 582; Schmidt v. Modern Woodmen, 84 Wis. 101, 54 N. W. Rep. 264.

" And when the contractual relation between the society and the member is not wholly dissolved by the non-payment within a certain time, of the assessment called for, but the liability of the society on the contract of insurance is merely suspended by such non-payment during the time the assessment remains unpaid, the society does not by the levy of a second assessment during the period of default in the payment of a prior assessment, and during the period of consequent suspension of liability, remove the disabling consequences resulting to a member and his beneficiary from his neglect to pay an assessment." Niblack on Mut. Ben. Soc., 584, and cases there cited.

" The sending of notices of assessment after default in such a case, will not be construed into an acknowledgment

.of liability upon the contract, and a waiver of the suspension, but will be held to be reminders to the member that he may, under the contract, revive his certificate." Id. (Niblack), 306. See also Leffingwell v. Grand Lodge, 86 Iowa, 279; 53 N. W. Rep. 243; Schmidt v. M. W. of A., 84 Wis. 101, 54 N. W. Rep. 264.

To constitute a waiver, the insured must be induced by the company to do or omit to do some act which he would not otherwise have done or omitted. Illinois Masons' Ben. Soc. v. Baldwin, 86 Ill. 479; Mobile L. I. Co. v. Pruett, 74 Ala. 487.

FIFER & BARRY, attorneys for appellee.

If the practice of an insurance company and its course of dealing with an insured has been such as to induce a belief that so much of the contract as provides for a forfeiture in a certain event will not be insisted on, the company will not be allowed to set up such forfeiture as against one in whom their conduct has induced such belief. Home Life Ins. Co. v. Pierce, 75 Ill. 426; Chicago Life Ins Co. v. Warner, 80 Ill. 410; Railway P. and F. C. Ass'n v. Tucker, 157 Ill. 194; United States Life Ins. Co. v. Ross, 159 Ill. 485; National Gross Loge v. Jung, 65 Ill. App. 313.

A mutual life insurance company may waive a forfeiture by making a new assessment while a member is in default through a failure to pay a previous assessment within the time limited by the by-laws. The question of waiver is in most cases a question of fact for the jury. Railway P. and F. C. Ass'n v. Tucker, 157 Ill. 194.

Every time the company makes an assessment against the assured after he has failed to pay a previous assessment within the time prescribed by the rules, it waives the forfeiture of the policy for such failure, and admits him to be a member of the association, notwithstanding such failure. Railway P. and F. C. Ass'n v. Swartz, 54 Ill. App. 445.

After the insured has become delinquent for non-payment of an assessment within the stipulated time, the company waives its right to declare the contract forfeited for such

Modern Woodmen of America v. Anderson.

delinquency, if with knowledge thereof, it makes a new assessment. The making of a new assessment is a recognition of the continued existence of the membership. Railway P. and F. C. Ass'n v. Tucker, 157 Ill. 194.

If after a member has become delinquent by a failure to pay an assessment, a new assessment is levied upon him with knowledge of such delinquency and non-payment, this will constitute a waiver of the forfeiture, even though the notice of the assessment contains a warning that the sending thereof, is not to be held to waive a forfeiture. Beatty v. Mutual Reserve Fund Life Ass'n, 75 Fed. Rep. 65; Griesa v. M. B. Ass'n, 15 N. Y. S. 71.

An association can not levy an assessment, give notice and demand payment of the same, and at the same time insist that the doing of these acts shall not have any force and effect. McGowan v. North Western L. of H., 67 N. W. Rep. (Iowa), 89; Beatty v. M. Res. Fund Life Ass'n, 75 Fed. Rep. 65; Griesa v. M. B. Ass'n, 15 N. Y. S. 71.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment rendered upon a certificate or policy of insurance on the life of appellee's husband, held in the Modern Woodmen of American. The contention is that the holder of the certificate, S. T. Anderson, at the time of his death, had ceased to be a member of appellant, and that the certificate was void by reason of his failing to pay certain quarterly dues and a mortuary assessment made for the month of June, 1896.

The point is made in appellant's brief that no demand for the payment of the amount of the certificate was made by appellee or proofs of the death of her husband presented to the society before the commencement of the suit, but we shall not consider it for the reason that it was stipulated upon the trial that the defendant would raise no question except in regard to non-payment of dues and assessments.

Concerning the contention that the certificate was rendered void by Anderson's failing to pay the quarterly dues

of January and April, 1896, it is sufficient to say that appel-
lants, instead of electing to so consider it, made and collected
from him mortuary assessments after his default therein,
and by so doing recognized him as a member and the cer-
tificate as being in force.

The important question involved is whether the non-
payment of the mortuary assessment for June was sufficient
to defeat a recovery.

While we are inclined to the view that proof of notice of
the assessment was not properly made, and that the court
should have sustained the objection to the affidavit offered,
we prefer to decide the case upon the broader and more
substantial ground that by levying an assessment upon
Anderson after his delinquency was known to appellant it
waived its right to claim a forfeiture.

If the assessment for July had been paid there could be
no question under the authorities that the society would be
estopped from claiming that a failure to promptly pay the
June assessment worked a forfeiture of the certificate of
insurance.

While the general requirement for the prompt payment
of mortuary assessments is quite rigid it does not seem that
appellant insisted upon a strict compliance with it from
appellee's husband.

There were several instances in the year 1895, where assess-
ments were paid by him months after they were due and
payable.   The course of conduct of appellant toward him
in that regard was such as to induce in his mind a belief
that that part of the contract which provides for a forfeit-
ure in the event of failure to comply promptly with that
rigid requirement would not be insisted upon.

Where an insurance company, in its course of dealing with
the insured, has led him to a reasonable belief that so much
of the contract as provides for a forfeiture in a certain event
will not be insisted upon, the company will not be allowed
to set up such forfeiture as a defense in a suit upon the
policy.   Home Life Ins. Co. v. Pierce, 75 Ill. 426; Chicago
Life Ins. Co. v. Warner, 80 Ill. 410; Railway P. & F. C.

Ass'n v. Tucker, 157 Ill. 194; United States Life Ins. Co. v. Ross, 159 Ill. 485; National Gross Loge v. Jung, 65 Ill. App. 313.

In the face of the fact that Anderson was in default of payment of the June assessment, appellant levied assessments against him for the months of July and August; that would seem to indicate that the same course of dealing that had been pursued toward Anderson would be continued.

If appellant, after learning that Anderson was delinquent in payment of assessments which had been made against him, levied another assessment for a subsequent month, it thereby waived its right to declare the contract forfeited for such delinquency.

The making of the subsequent assessment was a recognition of the continued existence of Anderson's membership. Railway P. and F. C. Association v. Tucker, 157 Ill. 194; Railway P. and F. C. Association v. Swartz, 54 Ill. App. 445; Stylow v. Wis. Odd Fellows' M. L. Ins. Co., 69 Wis. 224; Painter v. Industrial Life Ass'n, 131 Ind. 68.

There was ample evidence that appellant's officers had knowledge of Anderson's delinquency on the June assessment when the assessments for July and August were made.

Appellant produced a witness who testified that about a month before Anderson died he told him that he intended to allow his Modern Woodmen insurance to lapse.

Appellee offered to show that for two months before his death Anderson was insane, but the court, upon the objection of appellant, would not allow her to do so. If, as a matter of fact, Anderson was insane at the time, the making of such remark could have no bearing; and if, upon appellant's objection, appellee was denied the right to show such insanity, then appellant can claim no advantage from the remark.

We are clearly of the opinion that the right to claim a forfeiture because of the non-payment of the June assessment was waived, and that the judgment should stand.

Judgment affirmed.