THE ILLINOIS LIFE ASSOCIATION

*v.*

AMELIA B. WELLS.

*Opinion filed December 16, 1902—Rehearing denied February 4, 1903.*

1. INSURANCE—*what tends to show waiver of prompt payment of premiums.* Evidence that the company, by its dealings with the insured, who was also its agent, waived, from time to time, prompt payment of installments of premiums, sometimes deducting the same from his commissions, tends to show a waiver of the prompt payment of a note of the insured for an over-due installment.

2. SAME—*what admissible as tending to show that company regarded policy as in force.* Evidence that a friend of the insured who called upon the company after the insured's death was told that there were some unpaid premiums due upon the policy which were liens against it, and that if he desired to be sure of the policy he could pay the premiums himself, tends to show that the company did not at that time regard the policy as forfeited.

3. SAME—*premium need not be paid before loss if waiver is general.* If a waiver of the time for paying a premium is general and not for a specified time, it is not essential to the validity of the policy that such premium be paid or tendered before death of insured.

4. PLEADING—*plea of general issue admits an allegation of change of name.* A plea of the general issue, in an action on a life insurance policy, admits the capacity in which the defendant company is sued, together with a change of the company's name and the assumption of liabilities as alleged in the declaration.

5. SAME—*failure to reply to special pleas may be waived.* Failure of the plaintiff to reply to the defendant's special pleas is waived by going to trial without objection, and is not such error as may be availed of after verdict.

6. VARIANCE—*alleged variance must be pointed out at trial.* In order to avail of a material variance between the allegations and proofs the testimony must be specifically objected to at the time it is offered, and the variance pointed out.

7. INSTRUCTIONS—*effect of giving of instruction assuming a question to be in issue.* If a defendant insurance company procures an instruction that the plaintiff could not recover unless payment of a premium installment was made or was waived by the defendant, it cannot insist, on appeal or error, that the proof of such waiver was incompetent, upon the ground of variance.

*Illinois Life Ass. v. Wells*, 102 Ill. App. 544, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

JEROME PROBST, THEODORE K. LONG, and HARRY WHEELER STONE, for appellant:

The insurer is not required to formally declare a forfeiture. It is sufficient to set it up by way of defense when sued for the loss. *Insurance Co.* v. *Ross*, 159 Ill. 476; *Schimp* v. *Insurance Co.* 124 id. 354.

The doctrine of waiver, as applied to insurance law, is only another name for the doctrine of estoppel. 16 Am. & Eng. Ency. of Law, (2d ed.) 935.

The doctrine of waiver does not apply unless the insured is misled by the company to his prejudice *Flower* v. *Elwood*, 66 Ill. 438; *Davidson* v. *Young*, 38 id. 145; *Schimp* v. *Insurance Co.* 124 id. 354; *Insurance Co.* v. *Amerman*, 119 id. 329; *Insurance Co.* v. *Ross*, 159 id. 476; *Benevolent Society* v. *Baldwin*, 86 id. 479; *People* v. *Brown*, 67 id. 435; *Lantz* v. *Insurance Co.* 139 Pa. St. 546; *Knapp* v. *Jones*, 143 Ill. 375; Bigelow on Fraud, 438; *Siegel, Cooper & Co.* v. *Colby*, 176 Ill. 210.

At the death of the insured the rights of the parties are fixed, and anything thereafter said by the agent of the company can have no bearing on the rights of the parties. *Insurance Co.* v. *Schlink*, 175 Ill. 284; *Parker* v. *Life Ass.* 86 Ill. App. 315; *Miller* v. *Insurance Co.* 110 Ill. 102.

Where the terms of a premium note provide that if the note is not paid at maturity the policy shall lapse and the full amount of premium be considered earned and the note payable without reviving the policy, the policy lapses on failure to pay the note at maturity, and the demand for payment of or attempt to collect the note will not revive the policy or waive the forfeiture. 2 May on Insurance, (4th ed.) sec. 345*h*; 2 Joyce on Insurance, 1230; *Carlock* v. *Insurance Co.* 138 Ill. 210.

When prohibited by the terms of the policy an agent cannot waive a forfeiture. *Insurance Co.* v. *Holzgrafe,* 53 Ill. 516; *Lantz* v. *Insurance Co.* 139 Pa. St. 546; *Kirkman* v. *Insurance Co.* 90 Iowa, 457; *Marvin* v. *Insurance Co.* 85 N. Y. 279; *Porter* v. *Insurance Co.* 160 Mass. 183; *O'Brien* v. *Insurance Co.* 134 N. Y. 28.

DARROW, THOMPSON & CROSS, for appellee:

A forfeiture is regarded with disfavor, and the party claiming it must establish it as an affirmative defense and by the clearest proof. *Order of Friends* v. *Austerlitz,* 75 Ill. App. 74; *Life Society* v. *Wilson,* 91 id. 667; *Palmer* v. *Ford,* 70 Ill. 369; *Modern Woodmen* v. *Anderson,* 71 Ill. App. 351; *Hudson* v. *Shepard,* 90 id. 626; *Vider* v. *Ferguson,* 88 id. 136; *Insurance Co.* v. *Anderson,* 77 id. 384; *Insurance Co.* v. *Norton,* 96 U. S. 236.

The absence of a replication to the special pleas is not error. The defendant proceeded to trial without insisting on complete pleadings. Starr & Cur. Stat. chap. 7, sec. 6; *Allen* v. *Michel,* 38 Ill. App. 313; *Strohm* v. *Hayes,* 70 Ill. 41.

A variance is waived unless it is specifically pointed out at the time the evidence is received, so as to give the plaintiff an opportunity to amend. The question of variance cannot be preserved and raised in the Appellate Court on the refusal of a peremptory instruction to find for defendant. *Railway Co.* v. *Ward,* 135 Ill. 511.

The alleged variances were waived by failing to specifically mention them in the motion for new trial. *Railway Co.* v. *McMath,* 91 Ill. 104; *Stuve* v. *McCord,* 52 Ill. App. 331; *Railway Co.* v. *Gillison,* 72 id. 207.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellee recovered a judgment in the superior court of Cook county against the appellant on a life insurance policy issued by the latter to her husband, Charles B. Wells. The Branch Appellate Court for the First Dis-

trict·having affirmed that judgment, the company prosecutes this appeal.

The policy contained the usual provision that if the installments of premiums were not paid on or before the day when the same should fall due the insurance should lapse and the policy become null and void. The policy was dated January 27, 1898, and provided for the payment of quarterly installments of $9.76 in advance. The insured died on the 14th day of November, 1898, having been sick but a few days. For the installment due July 27, 1898, he had made his promissory note, due and payable in thirty days, with a provision that if the note was not paid at maturity the policy should become void. That note was never paid. On October following, another installment became due, which also remained unpaid at the time of his death.

The declaration averred that Charles B. Wells, at all times prior to the day of his death, had paid the premiums on his policy according to the terms thereof. The defendant filed a plea of the general issue and two special pleas, the first averring the non-payment of the above mentioned note and also of the installment due October 27, 1898; the second, the forfeiture of the policy for the non-payment of the last installment. To these special pleas no reply whatever was made. Upon the trial, which was by jury, the plaintiff, conceding the non-payment of said installments, relied upon a waiver by the defendant and introduced evidence for the purpose of proving the same. That evidence was not objected to by the defendant upon the ground of variance. At the close of the evidence the defendant requested the court to instruct the jury to return a verdict in its favor, which was refused. Thereupon, among others, it asked the following instructions, which were given:

4. "In this case the plaintiff is required to aver in her declaration, and prove upon this trial, performance of the agreement sued on, or a waiver of such performance

by the defendant; and such promissory conditions in the policy as were undertaken to be performed on the part of the insured are conditions precedent, unless waived or dispensed with by defendant, and the plaintiff is bound to prove them on the trial, and if no evidence of such performance is shown the plaintiff cannot recover."

6. "By the terms of the policy in this case the premiums were payable quarterly, in advance, on the 27th day of April, July, October and January in each year during the life of the insured, and the failure to pay any premium on or before the day it became due will prevent a recovery in this case unless such payment was waived by the defendant."

The seventh is to the same effect, but refers specially to the note, and informs the jury that unless the note was paid as provided or payment thereof waived or dispensed with, the verdict should be for the defendant. Other instructions were given and refused, but for the purposes of this opinion they need not be set out, but will be hereafter noticed.

At the time the policy was taken the name of the company was "The Bankers' and Merchants' Life Association." The declaration alleges that on January 19, 1898, at a meeting of the policyholders of said association, the name of the corporation was changed to "The Illinois Life Association," defendant herein.

It is first insisted on this appeal that there was no evidence offered upon the trial tending to prove a waiver of the payment of said note and delinquent installment, and therefore the trial court erred in refusing to give the peremptory instruction asked by the defendant. The in-.sured acted as an agent for the company in soliciting insurance during the time his policy ran. The company kept an account with him for commissions due as such agent, and at least some of the installments on his policy were paid out of such commissions. After his death a number of notes taken up, receipts and other memoranda

were found in his desk relating to transactions with the
company, and from these it sufficiently appears that none
of the installments were paid on the dates they fell
due, and we think they also tend to show that at least a
part of them were paid some time after they became
due. From this documentary evidence, and the reason-
able inferences and intendments to be drawn therefrom,
it appears the company, by its dealings with the insured,
waived, from time to time, the prompt payment of pre-
miums. But it further appears that a friend of Wells and
his family called on the company soon after his death,
and he testified: "I went right down to the insurance
company's office in the Fort Dearborn building, that was
the Illinois Life Association, and inquired for the mana-
ger, * * * and one of the gentlemen, Mr. Brown, * * *
assured me that the manager was busy for the moment
but would be at leisure to see me. I said, 'Possibly you
can give me the information. * * * Has Mr. C. B. Wells
any insurance policy here?' I said, 'I make a business of
loaning money, and I want to inquire the fact concerning
it. Mr. Wells has often applied to me for loans, and I
want to know just what shape it is in.' They said, 'Yes,
he has; but then there are some unpaid premiums that
are still due upon his policy that is a lien against it,' and
I said, 'What are they?' They then picked out some notes
they had before them, and at this juncture the manager
came in, and this gentleman repeated, and I repeated,
my inquiries to him, * * * and they said, 'Why, yes,
he has a policy here, and here are the notes, and do you
want to pay them?' I says, 'I don't know as I do at this
time; how much are they?' I inquired the amount, which
was told me. I don't just remember what they were at
this time, and I says, 'But hasn't he insurance coming
in right along,—some credit account that balances these
notes?' and they said, 'Yes, he has; but that is rather an
uncertainty, but if you will take up the note they will be
the only lien against this policy. To be safe, take up and

pay the notes,' and I says, 'I will see about it,' and with that I left the office.   They had the notes and showed them to me.   They put them back in the file where they had got them from.   I didn't have the notes in my hands, but they held them so I could see the lines.   That is all the conversation I remember.   This was two or three days after the death of the insured."

It is true this witness is flatly contradicted by Mr. Brown and the manager as to this conversation, they denying that they told him that Wells had insurance in the company or that the notes could be paid, but the weight of the testimony was a question for the jury and the Appellate Court, and not for us.   This evidence being accepted as true, shows that at that time the company did not consider the policy as having lapsed, and did not intend to declare a forfeiture for the failure to make the payments when they became due.   The witness says that he did not tell either Brown or the manager that Wells was dead, but assumed or understood they knew it.   Whether they did or not could make no difference as to the competency of this testimony and its legal effect.   It was not offered for the purpose of proving any new contractual relations between the insured and the company, but simply for the purpose of showing that the company did not at that time regard the policy as having been forfeited.

In *Chicago Life Ins. Co.* v. *Warner*, 80 Ill. 410, the premium fell due on the 28th day of June and the insured died the next day without having paid it.   After the death, on the second of July, the company addressed a letter to him, in which it stated: "The premium on your policy * * * fell due June 28, 1872.   If you wish to continue this policy in force you will please remit above amount to this office by return mail, and oblige."   The company did not at the date of the letter know of his death.   We said (p. 412): "It is obvious that the provision in the policy providing for a forfeiture for a non-payment

of the annual premium was incorporated in the contract for the benefit of the insurance company. The policy did not necessarily become void if the premium was not paid when due. The company had the undoubted right to waive the forfeiture if it saw proper, and dispense with a prompt payment of the premium at the time it was due. If this has been done by the insurance company in this case, then, notwithstanding the contract declares the policy void if the premium is not paid when due, the company cannot avail of the defense. If the practice of the company, and its course of dealings with the insured and others known to the insured, has been such as to induce a belief that so much of the contract as provides for a forfeiture in a certain event will not be insisted on, the company will not be allowed to set up such forfeiture as against one in whom their conduct has induced such belief,"—citing May on Insurance, sec. 361. (See, also, *Conductors' Benefit Ass.* v. *Tucker*, 157 Ill. 200.) We further said in the *Warner case:* "After the premium was past due, and on July 2, they wrote to the insured if he desired to continue the policy in force to remit the amount of the premium. This letter clearly shows that the company had not elected to forfeit the policy for the failure of appellee to pay the premium when due, but that the right of forfeiture reserved in the policy had been waived." And so here, the testimony of the above named witness clearly tends to prove that at the time he called at the office the company had not elected to forfeit the policy.

We cannot say, from the testimony in this record, that there was no competent evidence fairly tending to prove the waiver relied upon. On the contrary, we think it was sufficient to establish the fact.

It is again insisted that the court should have given the peremptory instruction because there was no evidence tending to prove the allegation as to the change of the name of the defendant from "The Bankers' and

Merchants' Life Association" to "The Illinois Life Association." We agree with the Appellate Court that there was testimony to that effect, but the plea of the general issue admitted the capacity in·which the defendant company was sued, together with the change of name and assumption of liabilities, as alleged in the declaration. (*McNulta* v. *Lockridge*, 137 Ill. 270.) The superior court properly refused to instruct the jury to find for defendant.

The failure of plaintiff to reply to the special pleas was waived by the defendant. It proceeded to trial without objection. There was no error in failing to completely make up the issues, which could, in any event, be availed of after verdict. 1 Starr & Cur. Stat. chap. 7, sec. 6; *Strohm* v. *Hayes*, 70 Ill. 41.

The ground of reversal most relied upon is, that there was a variance between the allegations of the declaration, viz., "prompt payment of the premiums," and the proofs, "waiver of such prompt payment." It may be conceded that there is here a fatal variance; but the question is, has not that variance been waived by the defendant? It is conceded that no objection on that ground was made to the testimony when it was offered. The rule is, that in order to avail of a material variance between allegations and proofs, the testimony must be specifically objected to at the time it is offered, and the variance pointed out. It is contended, however, by counsel for appellant, that while that may be the general rule, it can also, under certain circumstances, be availed of by instructions. No instruction was asked in this case which raised that question directly by pointing out the variance relied upon. As will be seen by the foregoing statement, the defendant, as well as the plaintiff, by their instructions proceeded upon the theory that the question of the waiver of prompt payment of the note and installment in question was in issue before the jury, and it is well settled that a party cannot, by his own instructions, submit a question to the jury and afterwards insist that

it was error for the court to give similar instructions at the instance of the plaintiff. (*Peirce* v. *Walters,* 164 Ill. 560, and cases cited.) It can hardly be seriously contended that the defendant could· procure the giving of instructions to the jury that the plaintiff could not recover unless· payment of the installments was made *or was waived by the defendant,* and then, on appeal or writ of error, insist that the proof of waiver was incompetent.

Most of refused ·instructions asked by the defendant were properly refused because they assume that there was no competent proof of waiver. One of these instructions was intended to tell the jury that there was no allegation in the declaration that the payment was "waived or dispensed with," and therefore if any evidence had been introduced showing, or tending to show, that the payment of said premium note was waived or dispensed with by the defendant; they must, in making up the verdict, disregard all such evidence. Clearly, that instruction was wrong unless it can be said that a defendant cannot waive a variance.

The fourth refused instruction asked by the defendant was to the effect that even though the jury believe, from the evidence, that the defendant waived prompt payment of the quarterly premium, yet the plaintiff could not maintain this action "unless such premium was paid or tendered prior to the commencement of this suit, and if you believe, from the evidence, that said premium was not actually paid or tendered to the defendant before the commencement of this suit, then your verdict must be for the defendant." The position of counsel is, that "even though the time of the payment of the premium was waived, the failure to pay or tender the amount due before the death of the insured is fatal to a recovery." If this position is tenable, then a general waiver of the terms and conditions of a policy of life insurance would be of little avail to the insured. In other words, if in every case of waiver the insured is bound to make pay-

ment before the loss occurs, as argued by counsel, the question of waiver would seldom be one of importance in a suit upon the policy. If payment was actually made, even though not according to the terms of the policy, the company could certainly not thereafter insist upon a forfeiture for a failure to pay promptly. But the position and foregoing instruction are wholly irreconcilable with the decisions of this court. (*Chicago Life Ins. Co.* v. *Warner, supra; Conductors' Benefit Ass.* v. *Tucker, supra.*) Nor does the case of *Thompson* v. *Insurance Co.* 104 U. S. 252, give any support to the contention. That case holds no more than was held by this court in *United States Life Ins. Co.* v. *Ross,* 159 Ill. 476,—that is, "that a waiver of the time for payment of premiums by an insurance company for a specified time is available to the insured only when payment was made or loss occurred within such time." The plaintiff recovered only the amount of the policy, less the unpaid installments. The court properly refused to give the fourth instruction.

Other refused instructions asked by the defendant were sufficiently covered by those given, in so far as they were proper.

Some criticism is made upon instructions given on behalf of the plaintiff, but we think the instructions given on either side, taken as a whole, fairly presented to the jury the only material issue in the case,—that is, whether there had been a waiver of prompt payment of the installments of premium. It would be unprofitable to extend this opinion by a discussion of those given at the instance of the plaintiff.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*