### Loyal Americans of the Republic v. Jennie Mayer.

1. FRATERNAL BENEFIT SOCIETY—*what not ultra vires.* It is not *ultra vires* a fraternal benefit society to provide that its certificate after a period specified shall become incontestable.

2. FRATERNAL BENEFIT SOCIETY—*certificate containing incontestable clause construed. Held,* that the contract of insurance involved in this case construed as a whole did not cover the death of a member by the use of intoxicating liquors or by the practice of any pernicious habit that obviously tends to shorten life, occurring within three years after the date of the certificate, but that after three years it was incontestable except for fraud.

Assumpsit.    Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.    Heard in this court at the May term, 1907.    Affirmed.    Opinion filed December 7, 1907.

S. W. DIXON, for appellant.

PATTON & PATTON, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is a suit by appellee against appellant to recover the amount of a benefit certificate issued to George B. Mayer, a brother of the appellee, which certificate was payable to appellee upon the death of said Mayer.

To the amended declaration filed by appellee, appellant interposed a general and special demurrer, which was overruled by the court and thereafter appellant filed the general issue together with certain special pleas.  Demurrers interposed by appellee to the several special pleas as amended were sustained by the court, and appellant having withdrawn its plea of the general issue and having failed to comply with the rule of the court requiring it to plead instanter, was defaulted for want of a plea.  Thereafter appellee's damages were assessed by the court at the sum of

$1,050 and judgment was entered against appellant for that amount together with costs of suit.

The declaration alleges that on June 10, 1902, George B. Mayer became a member of the Fraternal Army of America, a fraternal benefit society organized under the laws of this state, and had issued to him a certificate of insurance on his life in the sum of $1,000 payable to appellee. The certificate is set out *haec verba* and is alleged to contain among other provisions, the following: "If the member holding this certificate shall be expelled from this Order, or become intemperate in the use of alcoholic drinks, or in the use of drugs, to such an extent as to permanently impair the health of the member * * * then this certificate shall be null and void and of no effect whatever, except that all the monies which have been paid into the benefit fund of the society by the member, shall be paid to his beneficiary or beneficiaries but all other rights to benefits which may have accrued, on account of this certificate having been issued, shall be forfeited.

9. This benefit certificate shall be incontestable, except for fraud, after the expiration of three years from the date thereof."

The declaration further alleges that said Mayer paid all his assessments under the said certificates to the Fraternal Army of America until about September 8, 1903, when said Fraternal Army of America transferred all of its business, assets and members to the Loyal Americans, a like fraternal benefit society organized under the laws of this state, and which said Loyal Americans accepted the members of the said Fraternal Army of America upon their medical applications and certificates of the said Fraternal Army of America upon the same terms and conditions as if the said applications had been originally made to the said Loyal Americans and said certificates had been originally issued thereon by said Loyal Ameri-

cans to said members; that thereafter said Mayer paid all his assessments to the said Loyal Americans until September 11, 1903, when said Loyal Americans changed its name to the Fraternal Army of Loyal Americans, and that on September 15, 1903, the said Fraternal Army of Loyal Americans accepted said Mayer as a beneficiary member upon his original certificate of insurance; that said Mayer paid all his assessments to the Fraternal Army of Loyal Americans until that society transferred all its business, members and assets to the Royal Circle, a similar fraternal benefit society and said Royal Circle accepted the said Mayer as a member thereof upon the same terms and conditions contained in and prescribed by the certificate issued to said Mayer by the said Fraternal Army of America; that said Mayer paid all his assessments to the Royal Circle until September 24, 1904, when said Royal Circle changed its name to the Loyal Americans of the Republic, appellant herein, and that said Mayer paid all his assessments until December 1, 1905, when he died; that due notice of such death was given to appellant and proofs thereof as required by the constitution and by-laws of appellant were furnished to and received and accepted by appellant as satisfactory, and that on, to wit, January 16, 1906, the claim of appellee for death benefit under said certificate was rejected and all liability thereunder was denied by appellant.

The several special pleas aver in varying form substantially as follows: That appellant is a fraternal beneficiary society, organized November 7, 1896, under the provisions of an act of the General Assembly of this state approved June 22, 1893, as amended by the act approved June 21, 1895, providing for the organization and management of such societies, and that from the date of its said organization continuously it has been doing business under the terms, provisions, restrictions and limitations of said act and the sev-

eral amendments thereto; that at the time the said
Mayer became a member of appellant and all the time
from thence hitherto, appellant was prohibited by the
provisions of the said several acts and by its articles
of association from paying benefits arising out of the
death of any person or persons except its members,
the payment of such benefits in all cases being subject
to compliance by the members with the contract, rules
and laws of appellant society; that at the death of the
said Mayer and for a long time prior thereto appel-
lant had certain rules and laws entitled and known
as its constitution and by-laws, and that during all
said time, said constitution and by-laws were binding
alike on all the members of appellant and upon the
said Mayer; that during the time aforesaid it was pro-
vided by the said constitution and by-laws, as follows:
"If a member dies by the use of intoxicating liquors
his benefit certificate shall thereby be rendered null
and void." "If a member dies by the practice of any
pernicious habit that obviously tends to shorten his
life his benefit certificate shall thereby be rendered
null and void." That while said provisions were in
full force and effect the said Mayer wholly failed to
make compliance therewith in this, that the said Mayer
used large quantities of intoxicating liquors and by
the use of said intoxicating liquors, did die and that
the said Mayer did practice a certain pernicious habit
which obviously tends to shorten life, viz., the exces-
sive use of intoxicating liquors and by the practice of
the said pernicious habit so tending to shorten his
life, did die; that by reason of the premises the bene-
fit certificate of the said Mayer became and yet re-
mains null and void and no liability attached to ap-
pellant, notwithstanding the death of the said Mayer
while a member of appellant society and that by rea-
son of the premises appellant became and is precluded
from paying benefits arising out of the death or be-
cause of the death of the said Mayer.

Section 1 of an act which provides for the organization and management of fraternal beneficiary societies, approved and in force June 22, 1893, in so far as its provisions are here pertinent, is as follows:

"A fraternal benefit society is hereby declared to be a corporation, society or association formed, organized or carried on for the sole benefit of its members and their beneficiaries, and not for profit. Each society shall have a lodge system, with ritualistic form of work and representative form of government, and may make provisions for the payment of benefits in case of.......death.......of its members.......the payment of such benefits in all cases being subject to compliance by the member with the contract rules and laws of society........ All such societies shall be governed by this act, and shall be exempt from the provisions of all insurance laws in this state, and no law hereafter passed shall apply to them unless they be expressly designated therein." Rev. Stat. 1905, 1222.

It is insisted on behalf of appellant that as the statute makes a compliance by Mayer with the contract, rules and laws of appellant society a prerequisite to the payment of any benefit under the certificate, the duty of such compliance by Mayer was entirely independent of any express stipulation in the benefit certificate and that the incontestable clause in the benefit certificate cannot prevail to exempt Mayer from such compliance.

The legal effect of the several pleas is an admission by appellant that the certificate issued to Mayer contained the incontestable clause; that he was a member of appellant society under the terms of that certificate, but that such incontestable clause is by force of the statute, *ultra vires* the corporate authority of a fraternal beneficiary society. If such incontestable clause could not have properly been incorporated in the certificate except by authority of corporate action

in the nature of a by-law, the existence of such a by-law is to be presumed from the general presumption of the regularity of corporate acts and the existence of antecedent authority therefor. Appellant having pleaded to the declaration all intendments are in favor of its sufficiency after judgment and as the pleas do not negative the existence of a by-law authorizing the incontestable clause, the existence of such a by-law may be held to be admitted by the pleas. But whether the incontestable clause in the certificate was incorporated therein by authority of a by-law, or exists independent of such authority, we are of opinion that it is not *ultra vires* the corporation.

The contract of insurance, which consists of the constitution, by-laws, application and certificate, is to be construed most strongly in favor of the insured and in case of ambiguity it will be resolved against the insurer. Grand Legion Select Knights v. Beaty, 224 Ill. 346. The same rule of construction applies to the interpretation of incontestable clauses in contracts of insurance. In Royal Circle v. Achterrath, 204 Ill. 549, the force and effect of an incontestable clause in the constitution of appellant society which provided that "after two years from the date of a certificate, the member continuing in good standing, the only conditions binding upon the member are the agreements as to his full compliance with the laws and rules of the association and that all dues and assessments shall be paid as required. In all other respects the payment of any sum, due under any certificate issued to a member, shall be indisputable and incontestable," was considered by the court, and it was held that such a clause was valid as creating a short statute of limitations and that a recovery might be had under the certificate, notwithstanding the death of the insured by suicide, in contravention of a clause in the application for membership that the insurer should not be responsible under the contract of insurance if the insured should

come to his death by suicide. In the case at bar, construing the contract of insurance as a whole, we think it should be held not to cover the death of a member by the use of intoxicating liquors or by the practice of any pernicious habit that obviously tends to shorten life, occurring within three years after the date of the certificate, but that after three years it is incontestable except for fraud, which exception is not here involved. This construction of the contract will give force and effect to all of its various provisions without defeating the purpose for which the contract was made. Royal Circle v. Achterrath, *supra*.

Our attention has not been called to any provision of the act under which appellant was organized prohibiting it from inserting an incontestable clause in the benefit certificates issued by it and we have no doubt that it had the right, within its authorized corporate powers, to provide for a limitation upon the inhibition of a course of conduct upon the part of its members which, in the absence of such limitation, would prevent a recovery under its certificate. Appellant invokes the statute in support of its contention that the contract of insurance was beyond the scope of its corporate powers as though the statute provided that the payment of benefits should be subject to compliance by the members with its rules and laws only. The language of the statute authorizing the organization of fraternal benefit societies and defining their powers is that such society "may make provisions for the payment of benefits in case of * * * death * * * of its members * * * the payment of such benefits in all cases being subject to compliance by the member with the contract, rules and laws of such society."

The word "contract" as used in the provision of the statute above quoted evidently refers to the certificate or policy of insurance, which in the less technical sense is known as the contract of insurance, and it was

doubtless the legislative intention by the use of the word "contract" in that connection to include a compliance by the member with the provisions of the certificate, as well as with the provisions of the rules and laws of the society. The provision of the statute requiring a compliance by a member of a fraternal benefit society with the contract, rules and laws of such society as a condition precedent to the right of such member to receive benefits has never been construed as establishing a hard and fast rule requiring strict and exact compliance in those respects. In a long line of decisions it has been repeatedly held that a failure on the part of a member to comply with a by-law requiring prompt payment of assessments or premiums, the violation by a member of a by-law prohibiting the sale of intoxicating liquors and the provisions of a by-law fixing the age limit of members may be waived by the society. Nat. Gross. Loge, etc., v. Jung, 65 Ill. App. 313; Court of Honor v. Dinger, 221 Ill. 176; Farmers and Mechanics Life Asso. v. Caine, 224 Ill. 599; High Court I. O. F. v. Schweitzer, 171 Ill. 325; Coverdale v. Royal Arcanum, 193 Ill. 91; Wood v. Mystic Circle, 212 Ill. 532.

We have not been favored by counsel for appellant with any argument in support of the matters alleged in the first additional special plea and the questions sought to be thereby raised may therefore be regarded as waived. The plea, however, was clearly obnoxious to demurrer. The other questions raised by counsel for appellant upon the record in the case do not affect the substantial rights of the parties and we therefore refrain from further discussion. The declaration is sufficient after judgment to sustain appellee's cause of action and the demurrers to the several special pleas having been properly sustained the judgment of the Circuit Court will be affirmed.

*Affirmed.*