**Maude Brooks, Appellee, v. American Mutual Union, formerly Franklin Mutual Protective League, Appellant.**

FRATERNAL BENEFICIARY ASSOCIATIONS—*waiver of forfeiture of certificate by levy of new assessment.* A benefit society fails to sustain the burden of proving that decedent's certificate was void at the time of death by his failure to pay certain assessments when due, by evidence that notices of assessments had been mailed to deceased for each of the three months preceding his death and that second notices had been sent as to the first two months after time for payment had expired and that the assessments had remained unpaid at his death, where it appears that new assessments had been levied on his certificate while the former assessments were unpaid and that the society had mailed written notice to him, two days after his death, recognizing his certificate as then in full force and effect.

Appeal by defendant from the Circuit Court of Marion county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the March term, 1923. Affirmed. Opinion filed July 2, 1923.

W. JOE HILL, for appellant.

JONAS & BRANSON, for appellee.

MR. JUSTICE BARRY delivered the opinion of the court.

Appellee recovered a verdict and judgment for $127.53 upon a certificate or policy of insurance on the life of her husband. The contention is that the deceased, at the time of his death, had ceased to be a member of appellant, and that the certificate was void by reason of his failing to pay certain mortuary assessments, when due, for the months of January and February, 1922. His death occurred on March 27, 1922. The certificate provided that: "If the applicant fail to pay an assessment within thirty days from date of notice the certificate will lapse and become void."

The burden was upon appellant to prove that deceased was not a member in good standing at the time of his death. *Northwestern Traveling Men's Ass'n v. Schauss*, 148 Ill. 304. It simply proved that notices for the January, February and March assessments were mailed to deceased along about the 9th day of each month and that they were unpaid at the time of his death. It also proved that second notices were sent on the January and February assessments after the time for payment had expired.

In the state of the proof the jury were fully warranted in finding that while the deceased was in arrears on the January assessment appellant levied the February assessment and while he was in arrears on both of those assessments it levied the March assessment. On March 29, appellant wrote deceased in regard to the January and February assessments and, among other things, said: "Don't let your certificate lapse. * * * If not paid by April 5, 1922, certificate will lapse." When that letter was offered in evidence counsel for appellant stated he had no objection to it.

The law is well settled that if a benefit society is entitled to forfeit a policy for nonpayment of an assessment but proceeds to levy a new assessment it thereby waives its right of forfeiture and will not be permitted to avoid payment on the ground of such

prior default. *Conductors' Mut. Aid & Benefit Ass'n v. Tucker,* 157 Ill. 194; *Modern Woodmen of America v. Anderson,* 71 Ill. App. 351. When appellant levied the March assessment on or about March 9, it was, in effect, a declaration that the deceased was still, at that time, a member in good standing and that his insurance contract had not been forfeited. He would not become in arrears on the March assessment until on or about April 9, and as he died on March 27, his insurance was in full force and effect. The judgment is affirmed.

*Affirmed.*