## The North American Accident Insurance Company v. James E. Whitesides.

1. PREMIUM—*what constitutes waiver of payment upon specific date named in policy.* A waiver of the requirement of a policy as to payment upon a day named in the policy is established where it appears that the general agent of the insurer had expressly notified the insured that the provision of the policy requiring the payment of premium on the first day of each month would not be insisted upon and where it further appeared that such agent had uniformly accepted payment of such premiums at any time before the tenth day of the month as a compliance with the terms of the policy.

2. WAIVER—*how question of, determined.* What facts constitute a waiver is a matter of law for the court, but whether the facts existed in any given case is a question of fact to be determined by the jury.

Assumpsit. Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

JAMES Y. KELLY, for appellant.

S. H. CUMMINS, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellee recovered a verdict and judgment against appellant for $134 alleged to be due by the terms of

an accident policy as indemnity to appellee for an accidental injury continuing for two months and seven days, at the rate of $60 per month.

The policy was issued to appellee June 15, 1905, and provided by its terms that it should continue in force only so long as the premium, amounting to $2, was paid on or before the first day of each month in advance, to the company at its home office in Chicago, or to the person designated in writing by the company to receive the same. It is admitted that the persons designated by appellant to receive the premiums during the time in question, were W. Milburn and Orr & Lewis.

The only controverted questions in the case, are whether or not appellant should be held to have waived the provision in the policy requiring the payment of the premium by appellee on or before the first day of each month, and whether or not appellee paid the premium for the month of December, 1905.

The evidence tends to show that after the policy was issued, appellant's agent, Milburn, told appellee it would be all right if the premiums were paid by the tenth day of each month, and Milburn admits that he did not make remittances to the head office of appellant until the tenth day of each month and that premiums upon policies were generally paid to and received by him at any time after the first, and before the tenth of the month. There is also evidence tending to show that the premiums accruing upon appellee's policy prior to January 1, 1906, were only paid on the first day of the month in two instances, and that they were usually paid at the convenience of appellee, at any time prior to the tenth of the month, and that when paid they were credited as of the first of the month.

On January 6, 1906, the wife of appellee sent her son to the office of the agent of appellant to pay the premium for that month, and the said premium was paid to and received by said agent at about ten o'clock

in the forenoon. At half past ten or eleven o'clock in the forenoon of the same day, appellee accidentally sustained the injury which occasioned the disability for which he seeks to recover. It is insisted on behalf of appellant that the policy had lapsed because of the non-payment by appellee of the premium for the month of December, 1905, and appellee's failure to pay the premium for the month of January, 1906, on the first day of that month.

The wife of appellee testified that being unable to pay the premium for the month of December she requested Milburn, the agent of appellant, to pay the premium for her and told him she would reimburse him later; that Milburn said he would do so, and subsequently informed her that he had paid the premium for that month. Milburn denies that he had such a conversation with Mrs. Whitesides and denies that he paid the premium for December, but the testimony of Mrs. Whitesides is corroborated by the fact that on January 6th, she sent $3 by her son to be paid to Milburn, and that Milburn then received that amount and accounted to appellant for only $2. The premium only amounted to $2 and the only reasonable inference to be drawn from the transaction, is, that the additional $1 was paid to and received by Milburn on account of the premium for December which had been advanced by him personally. The receipts offered in evidence by appellee clearly show that premiums were received by appellant and credited to appellee for fourteen months; beginning June 30, 1905, and ending July 31, 1906, and of necessity that must have included the premium for the month of December, 1905. Appellant offered no evidence in explanation of its receipts introduced by appellee.

What facts constitute a waiver is a question of law for the court, but whether the facts exist in any given case is a question of fact to be determined by the jury. Aetna Life Ins. Co. v. Sanford, 200 Ill. 126.

"If the practice of the company and its course of

dealings with the insured and others known to the insured, has been such as to induce a belief that so much of the contract as provides for a forfeiture in a certain event will not be insisted on, the company will not be allowed to set up such forfeiture as against one in whom its conduct has induced such belief.'' Chicago Life Ins. Co. v. Warner, 80 Ill. 410; Ill. Life Ass'n v. Wells, 200 Ill. 445. In the case at bar the jury were justified in finding that appellant, through its general agent, Milburn, had not only expressly notified appellee that the provision of the policy requiring the payment of premiums on the first day of each month would not be insisted upon, but had almost uniformly accepted the payment of such premiums by appellee at any time before the tenth day of the month, as a compliance with the terms of the policy. Under such circumstances, appellant clearly waived its right to declare the policy forfeited for a failure on the part of appellee to pay the premium on the first day of January, 1906. To hold otherwise, would result in enabling appellant to perpetrate a gross fraud upon appellee.

No instructions were given to the jury at the instance of appellee. It is urged that the court erred in modifying the sixth instruction offered on behalf of appellant. The instruction as asked is conceded to have been improper, and the modification by the court merely harmonized it with the other instructions given which fully informed the jury as to what facts constituted a waiver.

The record is free from error and the judgment is affirmed.

*Affirmed.*