### S. S. Falkinberg, Appellee, v. Modern American Fraternal Order, Appellant.

INSURANCE—*when custom competent upon question of default in payment of premium.* If there was a custom and well-established practice prevailing among the members and officers of an insurance order by force of which a payment made to the secretary of the local lodge at any time before or upon the tenth day of each month was treated as having been made in apt time and that members so paying were not in default, upon proof of such custom and compliance therewith the defense of default in payment was completely met.

Assumpsit. Appeal from the Circuit Court of Coles county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed May 19, 1909.

ANDREWS & VAUSE, for appellant; DAVID L. WRIGHT, of counsel.

EDWARD C. & JAMES W. CRAIG, JR., for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

S. S. Falkinberg brought suit against the Modern American Fraternal Order in the Circuit Court of Coles county upon a beneficiary certificate issued by that order upon the life of Clara T. Falkinberg, wife of S. S. Falkinberg. Upon trial there was a verdict returned against the order in the sum of $500 on which the court rendered judgment and the order appealed.

The only question in the case which we deem it necessary to discuss is whether or not deceased was in arrears in the payment of assessments at the time of her death and the benefit certificate rendered inoperative on that account.

The certificate was issued to said Clara T. Falkinberg, on the 27th day of June, 1906, in the sum of $500 payable to appellee upon the death of said Clara, on which certificate the insured was to pay $1.25 mortuary dues each month to the secretary of the subordinate lodge located at Mattoon, Illinois. Said Clara T. died suddenly on the fifth day of March, 1907, and at the time of her death her dues for the month of March had not been paid. They were received by the secretary of the local lodge on March 5, after her death, but by him tendered back at once upon his learning of the death of said Clara.

There is no claim made that the dues for the month of February, 1907, and all preceding months, had not been paid, nor that the dues for the month of March, 1907, had not been received by the secretary of the local lodge on the 5th day of March, under the circumstances just stated, but the claim is made by appellant that under the rules of the order the payment should have been made promptly on or before the first day of the month and that default in payment by that date rendered the certificate nugatory. Appellee insists that there was a custom and well-established practice

prevailing among the members and officers of the insurance order by force of which a payment made to the secretary of the local lodge at any time before or upon the tenth day of each month was treated as having been made in apt time and that members so paying were not in default.

A careful review of the whole evidence shows that there was such a custom prevailing prior to and at the time of the death of said Clara and that she had made payments conformably to such practice.

Several witnesses who were members of the order and who paid mortuary dues under the same regulations as deceased, testified that they paid their monthly dues to the local secretary at any time before the tenth of the month and that such payments were treated the same as though paid the first of the month. Pleasant T. Ellis testified that George M. LeCrone, supreme secretary of the Fraternal Order, said to him that it was all right to pay dues at any time up to the tenth of the month inclusive. John Woolridge testified in substance that at one time he was secretary of the local lodge at Mattoon and that while he was acting as such the supreme secretary of the order said to him that if payment of dues was made in time so he could include the same in his monthly report, which should be mailed to the supreme secretary on the 11th of the month, it would be all right; that he accordingly included in his reports all members in good standing who paid their mortuary dues up to the date when he sent his report on the 11th of the month; that as long as he had the report in his hands he took dues from the members and that members paid their dues between the first and tenth of the month.

Nathan Ellis, who was secretary of the local lodge at one time testified, in substance, to the same practice; that remittances were made to the supreme secretary on the 10th of each month and that mortuary dues were received at any time up to the time he sent

in his report, the same as though paid on the first of the month.

George Surby, who acted as a deputy organizer to local lodges of appellant, testified that he collected mortuary dues and knew of their being paid between the first and tenth of the month. Appellee testified in substance that his wife had paid dues to the secretary of the local lodge at different times between the first and tenth of the month during the period of her membership.

There is nothing in the evidence which tends to dispute the prevalence of such custom or that tends to show that deceased had not at different times before her death paid her mortuary dues after the first day of the month and before the tenth of the month agreeably to such practice. The case, upon the facts, comes clearly within the holding made by this court in North American Accident Ins. Co. v. Whitesides, 134 Ill. App. 290, where it was held that the insurance company by uniformly accepting premiums at any time before the tenth day of the month as a compliance with the terms of the policy or certificate, waived its right to insist on payment upon the first of the month, the day named in the policy as the day of payment. That prompt payment of assessments may be waived by an insurance company, so that the failure of a member to comply strictly with a regulation requiring such prompt payment will not work a forfeiture of his rights under his policy, is established in a long line of authorities. Loyal Americans v. Mayer, 137 Ill. App. 574, and cases there cited.

Under the custom and practice so established by the evidence in the case at bar, payment of the mortuary dues could have been made at any time up to and including the 10th day of March, 1907. There was therefore no default in payment of dues at the time of the death of said Clara T. Falkinberg.

There is no reversible error in this record and the judgment is affirmed.

*Affirmed.*